**ALBERTO M. DONASTORG, SR., Petitioner**

**v.**

**GOVERNMENT EMPLOYEES' SERVICE COMMISSION,**

Respondent

Civil No. 307-1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 17, 1968

*See, also, 285 F.Supp. 111*

GORDON, *District Judge*

MEMORANDUM OPINION

This matter comes before the Court on a writ of review to the Government Employees' Service Commission which sustained the discharge of a patrolman from the Department of Public Safety.

██ ██ At the onset, the Court is confronted by a curious conflict in the laws of this Territory. 3 V.I.C. 530(b) provides that "the decision of the Government Employees' Service Commission shall be final." Language like this has been given a variety of effects (see, generally, 4 Davis, Administrative Law, Ch. 28), from no review at all to full review. However, more is involved. 5 V.I.C. 1420 [1421] allows review to *"any party to any proceeding* before *any* officer, board, commissions, authority, or tribunal..." which review under 5 V.I.C. 1421 [1422] *"shall be allowed in all cases...* where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded its jurisdiction...."

At this point, the conflict might be resolved by a holding that the review is limited, in cases where the agency's or commission's decision is declared final, to a consideration of the legality of the proceeding, as opposed to a review of the decision and the facts upon which the decision is based. Such has been one result reached by other Courts when confronted by similar statutes declaring administrative action to be final. (Davis, supra.)

However, 5 V.I.C. 1423 provides that upon review, "the court shall have power to affirm, modify, reverse, or annul

370

the decision . . . ." This section, when read in conjunction with the others, seems to imply much more on review than an inquiry into the legality of the proceedings.

■■ The Court is of the opinion that the provisions of the Code granting the right of review and describing the scope thereof call for a general review of the determinations of administrative agencies, not only as to the legality of the proceeding, and the application of the law by the agency, but also to the factual conclusions reached. Any provisions to the contrary, such as seem to exist in 3 V.I.C. 530(b) must be reconciled with the review provisions, so as not to foreclose to citizens the scope of review granted them in 5 V.I.C. 1420 [1421] et seq.

■ In the absence of any relevant precedent in this jurisdiction, the Court will adopt the majority rule, and will review administrative determinations under the substantial evidence rule (see, generally, 2 Am. Jur.2d, Administrative Law, § 621), the doctrine that a determination reached by an administrative agency, or by an administrator, will not be set aside because of its factual determinations, where it appears that the determination is based upon such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (See Davis, supra, Ch. 29.)

This is the standard embodied in the Administrative Procedure Act (5 U.S.C. 1010) and for the purposes of judicial review of administrative action, the criteria of section 10(e) of that Act are those which will be followed by this Court.

The Government has argued that there is no obligation upon administrative agencies to transcribe their proceedings. True, there is no explicit statutory directive to do so. But the very concept of review implies review of the totality of the proceedings, which can only be done by reading a transcript of the evidence in addition to the other docu-

ments, files, and papers. For the agency to fail to transcribe administrative hearings is to risk remand, for the Court is in no position to hear matters *de novo*, nor does there appear to be any inference of authority for it to do so either in the Federal Rules or in the local statutes.

In this case a partial transcript was filed with the Court, and over the objections of petitioner, the Court heard the matter on the incomplete record. In this particular instance, the Court feels that it has sufficient information before it to properly discharge its obligation.

■ The Court has very carefully considered the relevant portions of the transcript, and having heard the arguments of counsel, is of the opinion that the finding of the Government Employees' Service Commission to the effect that the letter of Patrolman Donastorg to Commissioner Felix was disrespectful and contemptuous thereby warranting Donastorg's dismissal, is supported by substantial evidence. The existence of the despicable practices in the Department of Public Safety, if true, did not, in the opinion of the Commission, warrant Donastorg's conduct, which was found by the Commission to be sufficient to justify his discharge from duty. The record is such that the Court will not disturb the Commission's finding and its decision is, therefore, affirmed.