**PATRICIA MURPHY, Complainant**

v.

**DEPARTMENT OF EDUCATION, Respondent**

Civil No. 80-67

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 15, 1981

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for complainant*

JACK BRIAN, ESQ., Assistant Attorney General, St. Thomas, V.I., *for respondent*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for Department of Labor*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on an appeal of the Virgin Islands Department of Education from a January 28, 1980, opinion and order of Joseph Targia, Hearing Examiner, Virgin Islands Department of Labor, which inter alia required the Department of Education to appoint Dr. Patricia Murphy as the Project Supervisor for the Virgin Islands Bilingual-Bicultural Secondary Education Program. After reviewing a certified copy of the relevant Department of Labor proceedings, as well as memoranda of law submitted on behalf of both parties, we conclude that the decision of the Department of Labor is supported by "substantial evidence," Turnbull v. Holder, 11 V.I. 93, 98 (D.C.V.I. 1974), and is otherwise correct as a matter of law.

In January of 1979 the Department of Education advertised an opening for the position of Project Supervisor for the Virgin Islands Bilingual-Bicultural Secondary Education Program. The advertisement set forth the minimum requirements of experience, education, training, and other desirable skills, and outlined the responsibilities of the position as well. The minimum qualifications for the position included either a master's degree in bilingual studies and five years of teaching experience in the field or a doctoral degree and three years of teaching experience. Five persons applied for the position and their credentials were carefully evaluated by a seven-member committee from the Department of Education. Each applicant was also given an extensive interview.

The screening committee submitted a report of their investigation to the Commissioner of Education on April 19, 1979. The report recommended Dr. Patricia Murphy for the appointment as she was the only one of the five applicants with the experience, training and academic background which satisfied the minimum requirements for the position. Dr. Murphy's credentials include a Ph.D. in Bilingual Multicultural Education from the University of Connecticut, a Master's Degree in Education from Harvard University, and a B.A. from Hunter College. Additionally, she has extensive teaching experience in the field of bilingual and multicultural education and has authored various articles in this field.

Dr. Murphy is a Caucasian female; however, she has had two Hispanic husbands and is the mother of four half Hispanic children, the offspring of those unions.

Despite the committee's recommendation, on or about June of 1979, Charles Turnbull, the Commissioner of Education, appointed

Harry Munoz, a Hispanic male, as Temporary Project Supervisor for the Virgin Islands Bilingual-Bicultural Secondary Education Program. The Governor of the Virgin Islands gave his pro forma approval of the appointment. At the time of his appointment, Mr. Munoz had no more than a B.A. degree in English, although as of December 1979, Mr. Munoz had earned a Master's degree in bilingual education.

When Dr. Murphy learned of Mr. Munoz' temporary appointment, she filed a complaint with the Virgin Islands Department of Labor for a violation of 24 V.I.C. § 451(a). That statute provides the following:

### § 451. UNLAWFUL PRACTICES

Notwithstanding the provisions of any other law, it shall be unlawful employment practice or unlawful discrimination:

(a) For an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race, sex, age, religion, color or ancestry, provided that an employer may refuse to hire an individual for good cause relating to the ability of the individual to perform the work in question;

Upon receipt of the complaint, the Department of Labor conducted a thorough investigation and arranged a conciliatory meeting with Commissioner Turnbull. After the efforts of the Department of Labor failed to amicably resolve the matter, the Department of Labor scheduled a formal hearing.

Joseph Targia, the Hearing Examiner, found that the reason Dr. Murphy was not appointed was primarily because Commissioner Turnbull was of the opinion that Dr. Murphy would be unable to relate to the needs of the Spanish speaking community. Commissioner Turnbull was unable or unwilling to articulate a legitimate non-discriminatory reason for this belief. The Hearing Examiner therefore found that Dr. Murphy had established a prima facie case of discrimination, under the standards articulated in McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973), as she had proved that: she is female, non-Hispanic by birth, the only qualified applicant, that an unqualified Hispanic male was appointed; and that the Department of Education had failed to justify its discriminatory action. Based on those findings, the Hearing Examiner ordered the Department of Education to appoint Dr. Murphy as the Project Supervisor for the Virgin Islands Bilingual-Bicultural Secondary Education Program within thirty days, to pay reasonable legal fees

to Dr. Murphy's attorney, and to otherwise cease and desist all hiring practices in violation of law.

On February 27, 1980, the Department of Education filed a petition for a writ of review of the Department of Labor opinion and order, alleging that the decision should be overturned for a variety of legal reasons. In our April 8, 1980 decision granting a writ of review, this Court ordered counsel for both sides to submit memoranda addressing the legal issues raised by the petition for a writ of review. The Court will now set forth its resolution of the legal questions raised.

The Department of Education's first contention is that the prohibition against discrimination contained in 24 V.I.C. § 451(a) applies only to nongovernment employers. It argues that the only statutory prohibition against discrimination in employment that is applicable to the Department of Education is that contained in 10 V.I.C. § 61 et seq., and more particular in 10 V.I.C. § 64(1)(a), which provides:

§ 64. UNLAWFUL DISCRIMINATORY PRACTICES

(1) It shall be an unlawful discriminatory practice:

(a) For an employer, because of age, race, creed, color, national origin, place of birth, sex and/or political affiliation of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

The Department of Education thus concludes that since the Virgin Islands Civil Rights Commission has exclusive jurisdiction over complaints alleging a violation of 10 V.I.C. § 64(1)(a), the Department of Labor had no jurisdiction to render its opinion and order.

■ This Court disagrees with the Department of Education's interpretation of 24 V.I.C. § 451(a). The word "employer" is not restricted by a statutory definition that excludes the government as an employer. In light of the fact that the Government of the Virgin Islands is the employer of the majority of the Virgin Islands work force, it is unlikely that the Legislature would have failed to specifically exclude the government if that had been their intent. Furthermore, the following quotation from the legislative history indicates that the legislative intent was quite the opposite—i.e., 24 V.I.C. § 451(a) was meant to apply to *all* employers.

In the interpretation and application of this Act [this chapter], and otherwise, it is declared to be the public policy of this

territory to encourage and foster, to the fullest extent practicable, *the employment of all properly qualified persons* regardless of their age, race, creed, color, sex, national origin or ancestry. *All the provisions of this Act shall be literally construed for the accomplishment of this purpose.*

(Emphasis added.) Act April 8, 1964, No. 1192. Therefore, it was appropriate for the Department of Labor to exercise jurisdiction over Dr. Murphy's complaint.

■ The second argument made by the Department of Education is that it was not a proper party defendant. It argues that because the Governor of the Virgin Islands is the official appointing authority, see 17 V.I.C. § 121(c) and 17 V.I. Rules & Regs. § 121–2, the Governor is the appropriate defendant. However, this Court finds that the Commissioner of Education is in fact the person who effectively makes appointments in his Department, even though formally his function is merely to recommend. 17 V.I. Rules & Regs. § 121–26. The Governor approves, pro forma, the recommendations of the Commissioner for such appointments as the one sought by Dr. Murphy and Commissioner Turnbull admitted this fact in the Department of Labor proceedings. Consequently, the appropriate party defendant is the Department of Education, its head being the one who discriminated against Dr. Murphy by failing to submit a recommendation for her appointment to the Governor. The Governor would be a necessary party only if he had committed a discriminatory act—for example, if he had refused to approve the appointment of Dr. Murphy for discriminatory reasons.

■■ A third contention of the Department of Education is that the Hearing Examiner's opinion and order in the instant case was in violation of 24 V.I. Rules & Regs. § 68–51, as pursuant to that section, he only had authority to make a "recommended" order and could not make an "official" order. The Department of Education finds further fault with the Hearing Examiner's order in that it was not adopted by the Commissioner of Labor pursuant to 24 V.I. Rules & Regs. § 68–61. The Court views these arguments as specious as the rules and regulations adopted by the Department of Labor in 24 V.I. Rules & Regs. § 68–1 et seq. apply only to the processing of complaints alleging "unfair labor practices" in violation of 24 V.I.C. § 61 et seq. and not to complaints alleging "discrimination" in violation of 24 V.I.C. § 451 et seq. The Department of Labor has never exercised the authority given it under 24 V.I.C. § 456 to make rules and regulations for processing complaints of discrimination, and in the

267

absence of express adoption of rules and regulations which apply to other proceedings conducted by the Department of Labor, the technical procedures set forth in 24 V.I. Rules and Regs. § 68–1 et seq. cannot apply. It was, therefore, appropriate for the Hearing Examiner to issue an opinion and order in the instant case, as the order was not in conflict with the provisions of 24 V.I.C. § 455, a section of the V.I. Code which discusses the appropriate form of an order after a Department of Labor hearing of a discrimination complaint.

■ Another contention of the Department of Education is that the Hearing Examiner's order should be vacated as the Hearing Examiner did not personally inquire whether the Department of Labor attempted to eliminate the unlawful discrimination by "conference, conciliation and persuasion" prior to the hearing, as required by 24 V.I.C. § 454, and the record of the hearing before the examiner does not indicate whether such an attempt was made. Once more we disagree with the Department of Education's contention. The Department of Labor in fact tried to amicably settle the matter and in its attempt to achieve this goal between the two parties, it conducted an investigation and set up a special conciliatory meeting, which the Commissioner of Education attended. If the Department of Education wanted more time to settle the matter and/or desired more assistance from the Department of Labor, it should have made known its request prior to or even during the hearing. The Department of Education cannot wait until a hearing is conducted and a decision is rendered on the merits before raising an argument that the Department of Labor's conciliation efforts were inadequate. The fact that the Hearing Examiner did not inquire as to what conciliation efforts had been made is irrelevant, as he is not statutorily required to do so, and he is thus entitled to assume that the Department of Labor had taken conciliatory measures in compliance with 24 V.I.C. § 454, but that such measures had failed.

■ A final issue, which was raised by the Department of Labor in its memorandum opposing the issuance of a writ of review, is whether this Court has venue over the instant action. As both parties have conceded in subsequent memoranda that this Court has venue, and because parties have the power to agree to litigate in a court that does not otherwise have venue, J. Friedenthal and A. Miller, Civil Procedure 34 (1975), the venue issue is moot and need not be discussed.

## ORDER

The premises considered and the Court being fully advised

IT IS ORDERED that the opinion and order dated January 28, 1980, issued by Joseph Targia, Hearing Examiner, Virgin Islands Department of Labor, and dealing with a discrimination claim brought by Dr. Patricia Murphy against the Department of Education be, and the same is hereby, AFFIRMED.