**RAYMOND FREDERICKS, Petitioner**

**v.**

**GOVERNMENT EMPLOYEES' SERVICE**
**COMMISSION, Respondent**

Civil No. 82-240

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 23, 1984

RAYMOND E. FREDERICKS, St. Thomas, V.I., *petitioner, pro se*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for respondent*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Raymond Fredericks (hereafter "Fredericks" or "petitioner") appeals from a decision of the Government Employees Service Commission (hereafter "G.E.S.C.") holding that petitioner did not establish that an unlawful selection process was utilized in determining candidates for promotion within the Department of Public Safety (hereafter "D.P.S."). The question before this Court is whether the determination of the G.E.S.C. is supported by substantial evidence. As we find that it is, we affirm the decision below.

## THE FACTS

Fredericks, a member of the police force for over 17 years, is presently, and was at the time of the events precipitating this conflict, a Lieutenant in the Department of Public Safety. In 1981, when a vacancy arose for the position of Police Captain in the department, Fredericks applied for the job.

As is the case with all territorial government positions covered by the Personnel Merit System, the procedure for filling the job vacancy is governed by 3 V.I.C. § 526(a) which allows as follows:

> (a) whenever a department head wishes to fill a vacancy in the classified service, he shall submit to the Director of Personnel a statement showing the position to be filled and the duties of the position. The Director of Personnel shall then certify to

the appointing authority the names of three eligibles for such position. If more than one vacancy is to be filled in the same class, one additional eligible shall be certified for each additional vacancy. Upon receiving certification of eligibles, the appointing authority, after consultation with the department head shall appoint one of those whose names are certified to each vacancy he is to fill. Appointments to the classified service shall be effective as and when made by the Governor in accordance with this chapter pursuant to the personnel merit system as incorporated in this chapter.

3 V.I.C. § 526(a).

In 1979, the Commissioner of the Department of Public Safety developed guidelines for promotions within the department and submitted same to the Director of Personnel. These guidelines, known as General Order #80.2 (hereafter "guidelines" or "G.O. 80.2") were made part of D.P.S.'s Police Rules, Regulations and Procedures. G.O. 80.2 establishes a procedure for departmental promotions through a formula for rating the qualifications of job candidates by incorporating both objective criteria (written and skills test scores, job absences) and subjective criteria (personal interview results, demonstrated supervisory ability). At the end of the evaluation by the Department of Personnel, each job applicant receives a numerical score and is ranked accordingly on the Director of Personnel's eligibility list. The guidelines provide that promotions will be made consistent with the job candidate's ranking on the list.

The D.P.S. apparently attempted to blend the requirements of 3 V.I.C. § 526(a) with the tenets of G.O. 80.2. While, as stated above, G.O. 80.2 suggests that the exact order of listing be followed in making promotions, section 526(a) states the names of three persons eligible for the position be submitted to the Commissioner. This is apparently a distinction without a difference however, as Commissioner Felix indicates that even though he feels he has some flexibility, as a matter of course, he chooses the candidate at the top of the list for promotion. Hearing Transcript at 42.

Fredericks participated in the promotional evaluation for the position of Captain and, when the dust had settled, his name was ranked second on the list submitted to the D.P.S. The candidate rated first on the list received the promotion. Dissatisfied with the procedures used in making the promotion, Fredericks brought the matter to the G.E.S.C. After a hearing in which both Fredericks

and Commissioner Felix testified, the G.E.S.C. held that petitioner did not meet his burden of establishing either that he was discriminated against or that the selection process utilized was unlawful. Fredericks now seeks review by this Court.

## DISCUSSION

 Judicial review of an administrative determination is limited in scope as we are only to determine whether the facts as found by the administrative agency are supported by substantial evidence in the record. Brown v. Harris, 1980 St. T. Supp. 405 (D.V.I. September 18, 1980); Donastorg v. Government Employee Service Commission, 285 F.Supp. 111 (D.V.I. 1968). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971); Donastorg, supra, at 112; and, the determination of what amount of evidence is substantial is a matter of law to be determined by this Court upon a considered evaluation of the entire record. Lewes Dairy, Inc. v. Freeman, 401 F.2d 308 (3d Cir. 1968), cert. denied, 394 U.S. 929 (1969); Hayes v. Celebreze, 311 F.2d 648 (3d Cir. 1963).

At the hearing below petitioner asserted that: 1) the promotion of the candidate selected was improper as it was not done by the Governor pursuant to 3 V.I.C. § 526(a), 2) the Commissioner has no flexibility in promotions but is required under G.O. 80.2 to promote according to the list, 3) an unlawful review board met to determine who would be promoted, and 4) that petitioner was discriminated against as information pertinent to his qualifications and thus his ranking on the list was missing from his personnel file.

Initially, we note that the issue regarding the Commissioner's flexibility is not properly before the Court. The only evidence in the record indicates that, in this case, the Commissioner chose the candidate ranked number one on the eligibility list. Consequently the issue of whether the Commissioner has any flexibility in determining who to promote is not ripe and will not be addressed.

 Petitioner also urges that he was discriminated against as documents were not in his file which would have weighed in his favor in the G.O. 80.2 rating scheme. While Fredericks made allegations to that effect at the G.E.S.C. hearing, he submitted no proof in the form of omitted documents, missing commendations, or even his personnel file as it then stood to attempt to verify his claim. Further petitioner stated that he was not aware of his scoring totals on some

sections of the testing although he was aware that he placed higher than the officer promoted in the written and oral sections. In light of these deficiencies in petitioner's presentation, this Court cannot overturn the G.E.S.C.'s determination that Fredericks failed to meet his burden. See HOVIC v. Government of the Virgin Islands, 1982 St. Croix Supp. 257 (D.V.I. May 10, 1982).

■ Fredericks urges also that an unlawful review board met to decide who was to be promoted. Again petitioner is defeated by his failure to meet his burden of presenting evidence such that the G.E.S.C. could rule in his favor. Fredericks did not present any evidence that a meeting occurred, what transpired therein or why it was unlawful. This he had the responsibility to do. See HOVIC v. Government, supra.

■ Finally, Fredericks submits that the failure of the Governor to actively participate in the selection process is a violation of the procedure set out in 3 V.I.C. § 526. While not directly on point, the holding in Murphy v. Department of Education, 18 V.I. 262 (D.V.I. 1981), is persuasive to this Court. While formally it is indeed the Governor's responsibility to make appointments within the D.P.S., in fact, the Governor approves pro forma the recommendations of the Commissioner of Public Safety. Petitioner's bare allegations that such a procedure makes all promotions under such a system void is not persuasive.

## CONCLUSION

Fredericks has supplied this Court with various documents which arguably support his position but which were not offered at the hearing below, This is not the forum for the taking of further evidence, however. Our present scope of review is merely to view the record below and to determine whether it contains sufficient relevant evidence which reasonable persons would consider adequate to support the board's conclusion. See Richardson, supra. We find that it does.

Petitioner meets procedural roadblocks in this Court due to rules of law of which he cannot have been expected to be aware. The most astute pro se litigants, as well as trained attorneys, meet with similar pitfalls. While we may sympathize with a party who feels he has been unjustly harmed, we must remain neutral in this matter. Consequently, for the reasons stated above, the decision below will be affirmed as supported by substantial evidence.

## ORDER

THIS MATTER is before the Court on Petition of Writ of Review. This Court having filed a written memoranda of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the determination of the G.E.S.C. denying Petitioner relief be and the same hereby is AFFIRMED.