**WEST INDIAN COMPANY, LTD.,**
**Plaintiff/Appellee,**

v.

**GOVERNMENT OF the VIRGIN ISLANDS, Defendant,**

and

**Legislature of the Virgin Islands, Intervenor/Appellant,**

and

**Helen G. Gjessing, Leonard Reed, Kate Stull, Lucien Moolenaar, Ruth Moolenaar, Intervenors/Appellants.**

**Legislature of the Virgin Islands, Appellant in No. 86–3577,**

**Helen G. Gjessing, et al., Appellants in No. 86–3578,**

**Nos. 86–3577, 86–3578.**

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1987.
Decided Feb. 26, 1987.

Maria Tankenson Hodge, St. Thomas, V.I., Sanford C. Miller (argued), Christopher G. Kelly, Haight, Gardner, Poor & Havens, New York City, for appellee West Indian Co., Ltd.

David A. Bornn (argued), Edith L. Bornn, Judith L. Bourne, Benjamin A. Currence, Veronica J. Handy, Brenda J. Hollar, David W. Iverson, Aurelia O. Rashid, Denise Reovan, St. Thomas, V.I., Gilbert L. Finnel, Jr., Houston, Tex., of counsel, for intervenors-appellants Helen Gjessing, et al.

Rhys S. Hodge (argued), St. Thomas, V.I., for Legislature of the Virgin Islands.

Before GIBBONS, Chief Judge, SLOVITER, Circuit Judge, and SCIRICA, District Judge.[*]

## OPINION OF THE COURT

PER CURIAM.

The district court entered an order on September 30, 1986 enjoining the Government of the Virgin Islands, the Virgin Islands legislature and the citizen intervenors in this action from interfering with the rights of the Plaintiff, The West Indian Company, Ltd., under the 1973 Memorandum Agreement [entered into between WICO, the United States Government and the Government of the Virgin Islands], and Addenda thereto, pending a final hearing in this case on the merits. App. at 460–61, 643 F.Supp. 869. The Legislature of the Virgin Islands, as intervenor/appellant, and the citizens/intervenors have appealed from that order. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

A preliminary injunction may be granted if the moving party demonstrates:

(1) a reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."

*Professional Plan Examiners of New Jersey, Inc. v. LeFante,* 750 F.2d 282, 288 (3d Cir.1984) (quoting *In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1137, 1143 (3d Cir.1982)).

The grant or denial of a preliminary injunction is committed to the sound discretion of the district court, which must balance all of the relevant factors in making a decision. *Kershner v. Mazurkiewicz,* 670 F.2d 440, 443 (3d Cir.1982) (in banc). Consequently, the scope of appellate review of a trial court's ruling on a motion for preliminary injunction is narrow, and the trial court's judgment is presumptively correct. *Id.*

After full consideration of the matters set forth in the briefs and at the oral argument, we cannot conclude that the district court committed an error in applying the law or that the grant of the preliminary injunction represented an abuse of discretion. We are confident that in light of the respective interests at issue, the district court will proceed as promptly as possible to a final disposition in this matter.

For the foregoing reasons, we will affirm the order of the district court.

---

[*] Hon. Anthony J. Scirica, United States District Court for the Eastern District of Pennsylvania, sitting by designation.