**TIP TOP CONSTRUCTION, INC., Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF PROPERTY AND PROCUREMENT, Respondent**

Civ No. 755/1998

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 22, 1999

GREGORY H. HODGES, ESQ., CHAD C. MESSIER, ESQ., St. Thomas, U.S.V.I., *for Petitioner*

ELLIOTT M. DAVIS, ESQ., St. Thomas, U.S.V.I., *for the Government*

HOLLAR, *Judge*

72

## MEMORANDUM OPINION

This matter is before the court upon petitioner Tip Top Construction Inc.'s application for a writ of review of an Order of the Department of Property and Procurement, (hereinafter "DPP"), rendered August 21, 1998, wherein DPP dismissed a protest filed by petitioner. For the reasons that follow, the petition for writ of review is DENIED.

## I. FACTS AND PROCEDURAL POSTURE

Petitioner, Tip Top Construction, Inc., (hereinafter "TTCI") was one of several bidders that participated in a bidding process, initiated by DPP, for the procurement of a contract for the construction of a drainage system at Altona and Frenchtown referenced as IFB-29-DPW-T-98(CC). The invitation for bids (hereinafter "IFB") was issued for the project on May 6, 1998. On May 21, 1998, DPP held a pre-bid conference for the purpose of allowing potential bidders to raise issues of concern, questions, or points for clarification. Questions regarding a number of concerns were received, and DPP responded, in writing, on June 5, 1998.

DPP's response, referred to as Addendum No. 1, addressed ten (10) questions. The response to one of the questions is the subject of this action. In responding to a question regarding the size of sheet piling required, DPP stated that the "sheet piling" was "to be as specified on the drawings and in the project manual", and that "the sheets shall have a minimum section modulus (cross-sectional size) of 20.5 in. per foot of wall."[1]

On June 5, 1998, petitioner made a written request for an extension of time to submit its bid, alleging that it needed more time "to digest and implement the essential components" of DPP's addendum which it received the same day. (Letter from Hollins[2] to Commissioner Luke of 6/5/98).

On June 9, 1998, the scheduled date for opening of bids, petitioner filed a letter of protest with DPP, alleging that it was not afforded sufficient time "to revise and implement the changes

---

[1] Both the architectural plans, the project manual, and the original IFB indicated a required minimum section modulus of 20.5 *cubic* inches.

[2] Percy J. Hollins is the President of Tip Top Construction, Inc.

required by the addendum", and requested that DPP reissue the solicitation for IFB-29-DPW-T-98(CC). (Letter from Hollins to Commissioner Luke of 6/9/98, at 1, 2.).

DPP issued a Decision, dated August 21, 1998, dismissing TTCI's protest; however, the decision was not faxed to petitioner's counsel until September 8, 1998. Thereafter, on October 8, 1998, TTCI filed a petition for writ of review, requesting, *inter alia*, that this Court issue a writ of review of DPP's Decision dated August 21, 1998; invoke *Terr. Ct. R.* 15(d) which would require DPP to desist from further proceedings in the matter under review until a final determination thereof by the Court; and after such review, enter an Order reversing DPP's Decision, setting aside any award, and ordering that DPP re-issue solicitations for bids on said project.

## II. DISCUSSION

In addressing the application for writ of review, the Court will address the following issues: (a) whether the Court has jurisdiction over a petition for writ of review filed more than thirty (30) days after the date of the decision complained of; (b) whether the Court has jurisdiction over a petition for writ of review if the petition is signed by an attorney but is unaccompanied by a certificate of the attorney; (c) whether the petitioner is entitled to the issuance of a writ if there exists some appeal or other plain, speedy or adequate remedy; (d) whether the issuance of a writ would automatically provide petitioner with such relief as is available pursuant to *Terr. Ct. R.* 15(d); (e) whether DPP's decision not to extend the deadline for submission of bids was supported by substantial evidence; and (f) whether a procurement award can be overturned absent a finding that the decision to award was irrational and/or illegal.

### A. This Court Has Jurisdiction Over A Petition Filed More Than Thirty Days After The Date Of The Decision Complained Of If The Petition Is Filed Within Thirty Days Of The Date From When It Was Sent To Petitioner

On August 21, 1998, DPP issued its Order dismissing petitioner's protest. Thereafter, on October 8, 1998, forty-nine (49) days

later, petitioner filed a petition for writ of review. *Terr. Ct. R.* 15(a)[3] mandates, *inter alia*, that a petition be filed *within thirty (30) days after the date of the decision complained of*. Notwithstanding the plain and unambiguous language of the rule, case law has interpreted the thirty (30) day filing period to run not from the date of the offending order, but from the date of notice of the order to the petitioner. *In re Hodge*, 16 V.I. 548, 555 (Terr. Ct. 1979). Because the Order dated August 21, 1998 was only faxed to petitioner's counsel on September 8, 1998, the filing of the petition for writ of review on October 8, 1998, was timely.

## B. The Court Lacks Jurisdiction Over A Petition For Writ Of Review, Even If Filed Timely, If The Petition Is Unaccompanied By The Certificate Of The Attorney

■ TTCI's petition for writ of review was signed by its counsel. *Terr. Ct. R.* 15(a)[4] provides, inter alia, that the petition must be signed by either the petitioner or his attorney, and *that it shall be accompanied by the certificate of the attorney that he has examined the process or proceeding* and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay. In this case under consideration, counsel for TTCI signed the petition on behalf of its

---

[3] Terr. Ct. R. 15 (a), the successor to 5 V.I.C. App. V., R. 11 (a), states:

"A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority, or tribunal. *Such petition shall be filed within 30 days after the date of the decision or determination complained of* and shall recite such decision or determination and set forth the errors alleged to have been committed therein. *The petition shall be signed by the petitioner or his attorney, and shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay." (Emphasis Provided)*.

[4] Terr. Ct. R. 15 (a), the successor to 5 V.I.C. App. V., R. 11 (a), states:

"A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority, or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. The petition shall be signed by the petitioner or his attorney, *and shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay." (Emphasis Provided)*.

client, however, the petition was not accompanied by the requisite certificate of the attorney. Because the petition is defective, this Court is divested of jurisdiction to act on the application.

## C. A Writ Of Review May Not Issue If There Exists Some Appeal Or Other Plain, Speedy Or Adequate Remedy

Separate and apart from the petition being defective, V.I. Code Ann. tit. 5, § 1422 sets forth the grounds for issuing a writ of review as follows:

> "The writ of review shall be allowed in all cases *where there is no appeal or other plain, speedy, and adequate remedy*, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions *appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction*, to the injury or some substantial right of the plaintiff." (Emphasis Provided).

In order to determine whether petitioner's application for issuance of a writ of review should be granted, the Court must make a threshold determination as to whether there exists some appeal or other plain, speedy, and adequate remedy available to petitioner. If the Court finds that there exists no appeal or other plain, speedy, and adequate remedy available to petitioner, the Court must then determine whether DPP appears to have exercised its functions erroneously, or to have exceeded its jurisdiction.

With respect to the threshold requirement, the Court must consider whether an appeal or right of further administrative review exists. Provisions for further administrative appeal exist, if at all, in the V.I. Code or the V.I. Rules and Regulations.

Procedures to be utilized in the awarding of contracts pursuant to competitive bidding are set forth at V.I. Code Ann. tit. 31, § 235, which states:

> "Before making any purchase or sale, the Commissioner of Property and Procurement shall secure competitive bids under the rules and regulations, and with such exceptions as are prescribed in this chapter."

The rules and regulations promulgated which address protests or objections to a contract award by DPP are set forth at V.I. R. & Regs. tit. 31, § 235-81, and provides:

### § 235-81. Protests or Objections to contract award

(a) **Generally:** The Contracting Officer shall consider all protests or objections to the award of a contract, whether submitted before or after an award. If the protest is oral and the matter cannot otherwise be resolved, written confirmation of the protest shall be requested. The protester shall be notified in writing of the final decision on the written protest.

(b) **Protests before award:** If award had not been made, the contracting officer may require that written confirmation of an oral protest be submitted by a specified time and inform the protester that award will be withheld until the specified time. If the written protest is not received by the time specified, the oral protest may be disregarded and award may be made in the normal manner unless the contracting officer, upon investigation, finds that remedial action is required, in which event such action shall be taken.

(c) Where a written protest against the issuance of an award is received, award shall not be made until the matter is resolved, *unless* the contracting officer determines that—

(i) The items to be procured are urgently required; or (ii) delivery or performance will be unduly delayed by failure to make award promptly; or (iii) a prompt award will otherwise be advantageous to the Government.

If award is made under (i), (ii) or (iii) above, the contracting officer shall document the file to explain the need for an immediate award, and shall give written notice of the decision to proceed with the award to the protester and, as appropriate, to others concerned.

(d) **Protests after award:** A protest received after award shall be handled in a manner to be determined by the circumstances.

While the regulation states that protests and objections to an award are to be addressed to the Contracting Officer, both Title 31, Chapter 23 of the V.I. Code and Title 31, Chapter 23 of the V.I. Rules and Regulations are silent regarding further administrative appeal of the Contracting Officer's decision regarding the challenge. As a result, the only remaining *appeal* process is that of judicial writ of review.

Having established that petitioner had no other avenue of *administrative appeal* of the Contracting Officer's Order denying his protest, the Court must next consider the existence of some *other plain, speedy and adequate remedy*. In determining whether some other plain, speedy and adequate remedy exists, the Court must consider the type of relief that is herein sought, and determine whether similar relief is otherwise available. In so doing, the Court notes that the traditional manner in which matters such as the case under consideration is brought before the Court is by way of an application for a temporary restraining order, preliminary injunction, injunctive relief and declaratory judgment. A temporary restraining order or preliminary injunction is a court order prohibiting a party defendant from doing some specified act, or commanding a party defendant to undo some wrong or injury, and is granted at the institution of a suit. *Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987); *See also, e.g., In re Tutu Wells Contamination Litigation*, 38 V.I. 275, 287 (D.V.I. 1998); *Floyd v. Hoheb*, 38 V.I. 62 (Terr. Ct. 1997).

In order for the Court to vacate DPP's decision, or order DPP to re-issue solicitations for bids, it must necessarily determine, *inter alia*, the rights of the parties. In that regard, a declaratory judgment is a statutory remedy for the determination of a justiciable controversy where the plaintiff is in doubt as to his legal rights. *Davis v. Romney*, 490 F.2d 1365, 1369 (3d Cir. 1973). V.I. Code Ann. tit. 5, § 1261, et seq. provides for the application and implementation of declaratory judgments. Also, in addition to having legal rights declared, a petitioner may pursuant to V.I. Code Ann. tit. 5, § 1268 (1997) be granted further relief whenever necessary and proper and the Court may order a *speedy* hearing of an action for a declaratory judgment and may *advance it* on the calendar pursuant to V.I. Code Ann. tit. 5, § 1269 (1997).

■ Because this Court finds that another *plain, speedy and adequate remedy* exists in the form of injunctive relief, including a temporary restraining order and preliminary injunction pursuant to *Fed. R. Civ. P.* 65, and declaratory judgment pursuant to V.I. Code Ann. tit. 5, § 1261 *et seq*, the issuance of a writ of review is not warranted and must be denied.

### D. Assuming *Arguendo* That Issuance Of A Writ Was Warranted, Relief Pursuant To *Terr. Ct. R.* 15 (d) Would Not Be Automatic

Assuming *arguendo* that the issuance of a writ of review would not be violative of V.I. Code Ann. tit. 5, § 1423, the requested relief under *Terr. Ct. R.* 15 (d) would be discretionary and not automatic. *Terr. Ct. R.* 15 (d) states:

> The Court *may*, upon application by the petitioner, include in the writ a clause requiring the respondent officer, board, commission, authority or tribunal to *desist from further proceedings in the matter under review* until the final determination thereof by the Court. (Emphasis Provided).

In essence, *Terr. Ct. R.* 15(d) is the functional equivalent to a temporary restraining order, since it would enjoin the administrative agency from further proceedings until final determination of the matter after review.

Clearly, the petitioner could not obtain indirectly through an issuance of a writ of review what would otherwise be unavailable had it pursued the traditional avenue of seeking a temporary restraining order and preliminary injunction. Thus, *Terr. Ct. R.* 15 (d) should not be granted unless petitioner demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm to petitioner absent the granting of the relief requested; (3) the possibility of harm to other interested persons, including respondent; and (4) the public interest. *West Indian Co. v. Government of the Virgin Islands*, 812 F.2d 134, 135 (3rd Cir. 1987) *(per curiam)*; *New Jersey Hosp. v. Waldman*, 73 F.3d 509 (3rd Cir. 1995). Additionally, injunctive relief is routinely denied when there exists an adequate remedy at law. *See, e.g., Jaz Limited Partnership v. Government of the Virgin Islands*, 25 V. I. 364, 369 (D.V.I. 1990); *O'shea v. Littleton*, 414 U.S. 488, 502 (1974).

Given the foregoing, *Terr. Ct. R.* 15 (d) relief would only be available if the requirements for a temporary restraining order and preliminary injunction pursuant to *Fed. R. Civ. P.* 65 are met, and then only in the discretion of the Court.

### E. DPP's Decision Not To Extend The Deadline For Submission Of Bids Was Supported By Substantial Evidence Since An Ambiguity Contained In DPP's Answer To Question No. 8 In The Addendum Was Due To A Typographical Error That Should Have Been Obvious And Detectable By An Experienced Contractor

The provisions of V.I. Code Ann. tit. 5, §§ 1421 and 1423 call for a general review of the determinations of administrative agencies, not only as to the legality of the proceeding and the application of law by the agency, but also to factual conclusions reached. *Donastorg v. Government Employees' Service Commission,* 6 V.I. 368, 285 F.Supp. 111 (D.V.I. 1968). When authorized to do so, the Court reviews administrative determinations under the substantial evidence rule. Under the rule a decision by an administrative agency or by an administrator will not be set aside if it is based upon such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 371.

Petitioner's protest was based on its contention that, upon receiving Addendum No. 1 to IFB-29-DPW-T-98(CC) from DPP containing a partial deviation in measurements relating to the cross-sectional size of sheet piling to be used on the project, it was not afforded sufficient time to fully evaluate the addendum, determine that the sheet piling specification was in error, and reformulate its bid in time for the June 9, 1998 deadline. Petitioner further avers that DPP's decision not to grant it more time to modify its bid violated V.I. R. & Regs. tit. 31, § 235-34(d).

V.I. R. & Regs. tit. 31, § 235-34(d) must, however, be read in conjunction with § 235-34(c). These sections read as follows:

> (c) *Before issuing an amendment to an invitation to bid, the period of time remaining until the time set for opening and the need for extending this period by postponing the time set for opening must be considered.* When only a short time remains before the time set for opening, consideration

should be given to notifying bidders of an extension of time by telegraph or telephone. Such notification should be confirmed in the amendment. (*Emphasis Provided*)

(d) Any information given to a prospective bidder concerning an invitation for bids shall be furnished promptly to all other prospective bidders, as an amendment to the invitation, if such information is necessary to bidders in submitting bids on the invitation or if the lack of such information would be prejudicial to uninformed bidders.

*No award shall be made on the invitation unless such amendment has been issued in sufficient time to permit all prospective bidders to consider such information in submitting or modifying their bids. (Emphasis Provided)*

In dismissing petitioner's protest, DPP noted, *inter alia*, that all prospective bidders had the same amount of time to consider the content of the addendum, and petitioner was the only prospective bidder that did not submit a timely bid. DPP also pointed out that Addendum No.1, issued on June 5, 1998, did not incorporate an extension of time, and that a request for an extension of time does not automatically create the extension. Those statements strongly infer that the issue of timeliness was considered, and DPP determined that nothing contained within Addendum No. 1 required any adjustment of the submission deadline. Hence, the Tuesday, June 9, 1998 deadline remained intact.

The underlying issue of timeliness arose because of DPP's inadvertent omission of an exponent in the recitation of measurement contained in a portion of the response to a question posed earlier by a prospective bidder: *to wit;*

8. Q. What size of sheet pile is required for this project?

    A. Sheet piling to be as specified on the drawings and in the project manual. The sheets shall have a minimum section modulus of *20.5 in.* per foot of wall.

On its face, DPP's response to question No. 8 is ambiguous. Language . . . is "ambiguous" when it is reasonably capable of

being understood in more than one sense.[5] DPP's response purports to state not only the required size of the sheet piling but the sources against which the required size might be established and/or confirmed. While the size of the sheet piling required in the plans and project manual are the same, that size is different from the one actually written in DPP's response. Arguably, the "language" of DPP's response is reasonably capable of being understood in more than one sense. It could, conceivably, be understood to indicate the cross-sectional size of the sheet piling in terms of *linear* inches, since DPP's response omitted the insertion of the exponent "3" superscripted behind "in.", or in terms of *cubic* inches as stated in the plans and project manual. However, page seventeen (17) of the construction plans which comprise "the drawings" contains a sheet piling detail indicating the cross-sectional size ( section modulus) requirement of the sheet pilings as being 20.5 *cubic* inches. Likewise, Section 04-504, contained within Section IV of the Project Manual, and which refers specifically to Sheet Piling Left In Place describes the sheet piling in terms of its having a minimum section modulus (cross-sectional size) of 20.5 *cubic* inches.

The ambiguous nature of DPP's response notwithstanding, the fact that TTCI professes to be a sophisticated bidder militates against its apparent contention that it was misled to the extent that efforts to submit a bid were stymied for more than three (3) days. In light of the fact that the correct technical specifications were represented on the actual architectural plans that were to be utilized, and in the project manuals provided to all prospective bidders, as well as the directive in the addendum that the sheet piling is to be as specified on those plans and in the project manual, it seems hardly plausible that TTCI would be confused by what was actually nothing more than a typographical error. Important in our consideration at this time is the assumption that petitioner is knowledgeable in the terminology and nomenclature of the construction industry, in general, and of subsurface excavation and shoring, in particular. Indeed, V.I. R. & Regs. tit. 31, § 242-21 expressly requires that bidders be competent to perform the

---

[5] *City of Sioux Falls v. Henry Carlson Co., Inc.*, S.D., 258 N.W.2d 676, 679 (1977).

services required, *and that they have construction experience comparable with the requirements of the project bid upon.* As such, assuming that petitioner is a competent bidder, it is incredulous that its president would be hard pressed to ascertain, having three (3) days to do so, whether the section modulus (cross-sectional size) of a steel piling, or any other object for that matter, is measured in linear inches or in cubic inches.

■ Having considered these factors, together with the fact that the petitioner was afforded sufficient time to submit a bid, the decision of DPP's Contracting Officer not to extend the closing date for bids neither exceeded his authority nor was erroneous.

### F. A Procurement Award Cannot Be Overturned, Even Though The IFB Was Ambiguous, Unless Petitioner Establishes That The Government's Decision Was Irrational Or Illegal

The court's limited scope of review in connection with an agency's decision in awarding a contract is well established in this circuit. Specifically, a reviewing court should "only act if it concludes that the government's decision in awarding a contract is irrational or illegal." *Coco Brothers, Inc., v. Pierce,* 741 F.2d 675, 879 (3d Cir. 1984); *Princeton Combustion Research Laboratories, Inc. v. McCarthy,* 674 F.2d 1016, 1021 (3d Cir. 1982)(Though the bidder has a legitimate interest in fair treatment in accordance with applicable statutes and regulations, the strong public interest in efficient procurement and cost minimization mandates that a procurement contract not be set aside at the behest of a "disappointed bidder" unless the awarding agency's decision was irrational or clearly illegal.); *Sea-Land Services, Inc., v. Brown,* 600 F.2d 429, 434 (3d Cir. 1979). This standard applies even where the IFB is ambiguous. *General Engineering Corp., v. Apex Construction, Inc.,* Civ. No. 92-103 (D. V.I. App. Div. 1993) at pg. 6. In fact, a bidder faced with an ambiguity has a duty to seek clarification of that ambiguity. *J. A. Jones Construction Co. v. United States,* 395 F.2d 783, 790 (Cl. Ct. 1968); *Beacon Construction Co. v. United States,* 314 F.2d 501, 504 (Cl. Ct. 1963). Petitioner did not seek clarification of the ambiguity at issue, but instead requested an extension of time to submit the bid as a result of Addendum No. 1. In light of TTCI's failure to first

recognize the ambiguity in the Addendum and then to seek clarification of the ambiguity, DPP was under no obligation to grant TTCI's request for an extension of time to submit its bid.

In dismissing petitioner's protest, DPP, or more specifically, the Contracting Officer, duly adhered to the prescriptions of V.I. R. & Regs. tit. 31, §§ 235-34 (c) and (d) which regulate the amending of IFBs and the post-amendment issuance of awards, respectively.

■ With respect to DPP's jurisdiction to rule as it did, V.I. R. & Regs. tit. 31, § 235-81 provides that the Contracting Officer shall consider all protests or objections to the award of a contract, whether submitted before or after the award. Additionally, V.I. R. & Regs. tit. 31, § 235-1 defines "Contracting Officer" as, "the Commissioner of the Department of Property and Procurement and/or his duly authorized designee." Petitioner's letter of protest was directed to Commissioner Luke, the then Commissioner of Property and Procurement. DPP's written decision dismissing the protest was signed by Lawrence J. Sibilly, Acting Commissioner. Absent any assertion to the contrary, this Court finds that Acting Commissioner Sibilly was the duly authorized designee of Commissioner Luke. Since the decision by DPP not to extend the time to submit bids was rationally and legally based, the procurement award cannot be disturbed.

## III. CONCLUSION

The issuance of a writ of review should be denied and/or DPP's decision should be sustained because: (1) the Court is devoid of jurisdiction to entertain the petition since it is unaccompanied by a certificate of the attorney as required by *Terr. Ct. R.* 15(a); (2) the petition failed to seek other plain, speedy or adequate remedies, *to wit*: application for temporary restraining order, preliminary injunction, injunctive relief and declaratory judgment as required by V.I. Code Ann. tit. 5, § 1422; (3) the petitioner failed to initially request clarification of an obvious ambiguity in the IFB as required by the instructions to bidders provided within the IFB[6] before

---

[6] Where, as here, an IFB contains instructions informing bidders that explanations regarding the meaning or interpretation of the IFB must be requested in writing, a bidder has a duty to seek clarification of any apparent ambiguity in the IFB at the time the bid

84

resorting to a protest and request for extension of time to submit a bid; (4) the petition lacked the necessary factors required for relief under *Fed. R. Civ. P. 65* or *Terr. Ct. R.* 15(d); and (5) DPP's decision not to extend the time to submit bids as a result of the obvious typographical error in Addendum No. 1 was neither irrational nor illegal, especially given other countervailing considerations.

Dated: July 22, 1999

---

proposal is submitted. *General Engineering Corp. v. Apex Construction, Inc.,* Civ. No. 92-103 (D.V.I. App. Div. 1993) at pg. 7.