MILTON C. BRANCH, Commissioner, Department of Public
Safety, Petitioner

v.

ADELBERT M. BRYAN and GOVERNMENT EMPLOYEES'
SERVICE COMMISSION, Respondents

Civil No. 1980/78

District Court of the Virgin Islands

Div. of St. Croix

December 11, 1980

WILLIAM C. MURRAY, JR., ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for petitioner*

ALEXANDER A. FARRELLY, JR., ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for respondent Bryan*

ROBERT L. KING., ESQ., St. Thomas, V.I., *for respondent Government Employees' Service Commission*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This matter is before the Court on writ of review of a decision of the Government Employees' Service Commission (GESC) which nullified certain disciplinary actions taken by petitioner, the Virgin Islands Commissioner of Public Safety (the Commissioner), against a subordinate within his department, Captain Adelbert Bryan (Capt. Bryan). The decision of the GESC will be vacated and this case remanded for further proceedings.

In accordance with the provisions of 3 V.I.C. § 530(a) the Commissioner notified Capt. Bryan by letter of the charges against him:

*Charge I—Insubordination*

Specification 1. That on or about November 11, 1979, Capt. Bryan failed to comply with the lawful order of Police Chief George Washington to take immediate action to stop persons from utilizing a portion of Strand Street, Frederiksted, for recreational activities;

Specification 2. That on or about November 20 & 21, 1979, Capt. Bryan failed to comply with the lawful order of Acting Deputy Chief Felix Cancel to assign two (2) police officers from Zone "B" Command to attend the Auto Intoximeter Instrument Training; and

Specification 3. That on or about November 29, 1979, Capt. Bryan failed to comply with the lawful order of Acting Deputy Chief Felix Cancel to assign two (2) police officers to provide security for Governor Juan Luis at St. Gerard's Hall, Frederiksted.

*Charge II—Neglect of Duty*

Specification 1. That after being given a verbal order by the Commissioner on or about December 3, 1979, at about 1205 hours, and a written order on the above said date confirming said verbal order to immediately cease and desist from permitting the use of Strand Street, Frederiksted, for demonstrations and rallies held by one Theophilus Baptiste or persons associated with his group or organization, Capt. Bryan failed to carry out said order.

As a result of these charges, the Commissioner proposed to suspend Capt. Bryan for a total of fifty (50) days, demote him to the rank of Lieutenant and to dismiss him from the department. Capt. Bryan appealed to the GESC.

After conducting a hearing on the matter, the GESC found that Capt. Bryan had committed the acts of misconduct charged in specifications one and two of Charge I, but that the charges set forth in specification three of Charge I and in the single specification of Charge II had not been substantiated. Despite having found that Capt. Bryan had committed two acts of willful insubordination the GESC concluded, without discussion, that there was "no sufficient evidence upon which to base disciplinary action." Accordingly, the GESC ordered that the disciplinary action be "dismissed," that Capt. Bryan be returned to duty without penalty and that all evidence of the charges be expunged from Capt. Bryan's personnel record. The Commissioner then petitioned the Court for review of the GESC decision.

■ In reviewing the actions of an administrative agency such as the GESC it is the task of the Court to determine:

(1) Whether the agency findings are supported by substantial evidence on the record;

(2) Whether the agency has acted within the limits of its statutory powers; and

(3) Whether the agency has abused its discretion by acting in an arbitrary or capricious manner.

56

In re Hooper's Estate, 359 F.2d 569, 575 (3rd Cir.) cert. denied, sub nom. Marine National Bank v. Government of the Virgin Islands, 385 U.S. 903 (1966); Donastorg v. GESC, 6 V.I. 368, 371, 285 F.Supp. 111, 112 (D.C.V.I. 1968).

## I. REVIEW OF GESC FINDINGS

Specification one of Charge I and specification one of Charge II arose from a series of incidents involving the use of a portion of Strand Street, Frederiksted, for roller skating by a local community group. When apprised of the situation, Chief of Police George Washington determined that the activity impeded traffic in the area and created unnecessary risk of injury to some of the participants. Accordingly, Chief Washington ordered Capt. Bryan, then the Zone Commander for Frederiksted, to stop the group from conducting its activities in the area in question. Rather than complying with Chief Washington's unambiguous order Capt. Bryan chose to question its legality. For this purpose he sought the advice of an Assistant Attorney General assigned to the Criminal Division in St. Croix[1] who informed Capt. Bryan that Chief Washington's order was illegal and that officers seeking to enforce the order would possibly incur civil liability under 42 U.S.C. § 1983.[2] After receiving this advice, Capt. Bryan refused to obey the order. On December 3, 1979, after this situation was brought to the attention of the Commissioner, Capt. Bryan was given a verbal order from the Commissioner, confirmed in writing, to take the necessary steps to prevent the use of Strand Street for the recreational events sponsored by the community group.[3] Capt. Bryan's response to this order was to deliver a letter to the wife of one of the leaders of the community group, stating in effect that the Commissioner had ordered that the skating activities be discontinued. No further action was taken by

---

[1] It appears that this was an informal arrangement not conducted pursuant to any established procedure for consultations between the Department of Public Safety and the Department of Law. Officer Bryan contacted the Department of Law through informal channels.

[2] In researching this issue the Assistant Attorney General appears to have limited the scope of inquiry to the question of whether any provision of Virgin Islands law prohibited or regulated roller skating per se. The power of the police to regulate traffic in public streets was apparently not considered.

[3] It should be noted that neither Chief Washington's order nor the order of the Commissioner contemplated a complete prohibition of the skating activity. Rather, both orders sought merely to proscribe the use of a particular public street for this purpose.

Capt. Bryan with respect to the Commissioner's order, and the unauthorized use of Strand Street continued.

■ The GESC found as fact that Capt. Bryan "fully complied with the order of the Commissioner dated December 3, 1979." This finding is entirely unsupported by the administrative record and therefore must be reversed. It appears to be the theory of the GESC that Capt. Bryan complied with the Commissioner's order merely by delivering a letter to the wife of one of the principals involved in the group skating activities. This is erroneous. The order given by the Commissioner directed Capt. Bryan to take the necessary steps to prevent the use of Strand Street for organized skating without the prior approval of the Department of Public Safety. The administrative record shows—without contradiction—that Capt. Bryan failed to obey this order. Accordingly, the charges against Capt. Bryan contained in specification one of Charge II must be sustained when on remand to the GESC.

■ The GESC found that petitioner had failed to adequately substantiate the charges contained in specification three of Charge I. This finding is supported by substantial evidence in the record and will not be disturbed on review.

## II. POWERS OF THE GESC

In its order the GESC directed that all evidence of the disciplinary proceeding be expunged from Capt. Bryan's personnel record. In doing so the GESC acted without authority.

■■ An administrative agency may exercise only the powers granted to it by statute. Pentheny, Ltd. v. Government of the Virgin Islands, 360 F.2d 786, 790 (3d Cir. 1966). With respect to this matter the GESC has only the powers set forth in 3 V.I.C. § 530(c), which do not include the power to order expungement of personnel records. Accordingly, that portion of the GESC order will be vacated.

## III. SCOPE OF GESC DISCRETION

After having sustained two of the four charges against Capt. Bryan, the GESC ordered that the disciplinary proceeding be dismissed and that Capt. Bryan be returned to duty without penalty. In so doing it acted within the broad powers set forth at 3 V.I.C. § 530(c):

> (c) The Commission may sustain or reverse the decision of the department head or may reduce the penalty recommended by the department head from dismissal or demotion to suspension

for a period not to exceed 90 days, or from suspension to a lesser period of suspension if the Commission finds such action to be warranted and in the public interest.

■ Although GESC acted within its administrative powers, such action may be set aside by the Court upon a finding that it was arbitrary and capricious. This does not mean that the Court may substitute its judgment for that of the agency, but that the agency action may be set aside only where it is not supported by any rational basis. N.L.R.B. v. Jas. H. Mathews & Co. Industrial Mark. Prod. Div., 342 F.2d 129, 131 (3d Cir.), cert. denied, 382 U.S. 832 (1965).

In the present case the GESC provided no rationale for its complete reversal of the actions taken by the Commissioner. It is therefore impossible for the Court to determine the basis upon which this decision was made. Accordingly, the order of the GESC will be vacated and the case remanded for reconsideration in light of the revised findings of fact. In rendering its decision to sustain or reverse the Commissioner's actions, or to reduce the penalties proposed by the Commissioner, the GESC will be directed to set forth at length its reasoning why such action is "warranted and in the public interest." 3 V.I.C. § 530(c). Only then will the Court be able to properly review the agency decision.

## ORDER

The premises considered and the Court being advised

IT IS ORDERED that the GESC's order dated February 26, 1980, be, and the same is hereby VACATED; and

IT IS FURTHER ORDERED that this matter be and hereby is remanded to the GESC for further administrative proceedings to be conducted in accordance with the attached memorandum.