**RALPH HERBERT, Petitioner/Appellant**

**v.**

**GOVERNMENT EMPLOYEES' SERVICE COMMISSION,**
**Respondent/Appellee**

Civil No. 84/84

District Court of the Virgin Islands

Div. of St. Croix

March 21, 1985

STEDMAN HODGE, ESQ., St. Thomas, V.I., *for petitioner/appellant*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for respondent/appellee*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Once again the appellant, Ralph Herbert ("Herbert"), is seeking review of a decision of the Government Employees Service Commission ("GESC") which dismissed his appeal with prejudice for lack of jurisdiction. This Court must review both findings of fact and conclusions of law. In doing so we will affirm the decision of the GESC.

## THE FACTS

Appellant Herbert, a corrections supervisor with the Virgin Islands Bureau of Corrections, received a termination letter on November 6, 1979. This letter did not include notice that Herbert had ten (10) days to appeal his termination to the GESC. Nearly one year later Herbert brought this matter before the GESC. The Secretary of the GESC notified Herbert that the Commission lacked jurisdiction to hear his appeal because Herbert had failed to file his appeal within the ten (10) day limitation period. 3 V.I.C. § 530(a).

Herbert then filed an action in Territorial Court. After a great deal of procedural confusion, a number of continuances, a change of attorneys and a recusal order, the case was dismissed on April 19, 1982 for lack of prosecution. A subsequent motion for reconsideration was denied because the Territorial Court found no explanation for the delay and found a jurisdictional defect which would have required dismissal.

Herbert appealed that decision to the District Court which, although affirming the Territorial Court's dismissal did so without prejudice and encouraged Herbert to return to the GESC to obtain an adequate determination as to whether he complied with the requirements of 3 V.I.C. § 530. Herbert v. Government of the Virgin Islands, Civ. No. 82-210, 1983 St. X. Supp. (D.V.I. March 30, 1983).

Herbert then requested and received what will euphemistically be called a hearing before the GESC. At that hearing the GESC failed to hear testimony or take evidence; the Commission simply adopted the opinion of the Secretary that the GESC did not have jurisdiction

over the matter because Herbert had failed to file a timely appeal as mandated by 3 V.I.C. § 530.

Herbert again sought the assistance of this Court. In an order dated September 8, 1983 this Court reversed the decision of the GESC and ordered the GESC to hold another hearing to receive whatever evidence was available on the issue of the timeliness of Herbert's appeal.

A new hearing was held on February 3, 1984 at which time evidence was taken and testimony heard. A GESC opinion, dated February 20, 1984, dismissed the appeal with prejudice for lack of jurisdiction. The Commission based its opinion on the following findings:

> (1) That appellant failed to appeal the action of the Bureau of Corrections to the GESC within ten (10) days following the date of receipt of the statement of charges as required by 3 V.I.C. 530(a).
>
> (2) The appellant knew and was familiar with the procedure of appeal to the GESC inasmuch as he had taken an appeal in 1978 to the GESC with respect to a proposed suspension.
>
> (3) The appellant suffered from no disability that would have necessitated the GESC to "toll" the time for appellant to appeal his termination or justify his late filing.

Herbert then sought review of that decision and this Court granted Herbert's application for a Writ of Review on March 21, 1984.

## DISCUSSION

■■■ In reviewing actions of administrative agencies, this Court applies a different standard of review for determinations of fact than for conclusions of law. Agency determinations of fact warrant greater deference by courts of review, and these determinations will be upheld if there is substantial evidence in the record to support the factual finding. Perry v. G.E.S.C., 18 V.I. 524, 527 (D.V.I. 1981); Branch v. Bryan, 18 V.I. 54, 56 (D.V.I. 1980); Brown v. Harris, 1980 St. T. Supp. 405, 407 (D.V.I. Sept. 18, 1980); Turnbull v. Holder, 11 V.I. 94, 98 (D.V.I. 1974); Donastorg v. GESC, 6 V.I. 368, 371, 285 F. Supp. 111, 112 (D.V.I. 1968). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Donastorg, supra at 112. The determination of what amount of evidence is substantial is a matter of law to be determined by the Court after evaluation of the entire record. Lewes

Dairy, Inc. v. Freeman, 401 F.2d 308 (3d Cir. 1968), cert. denied, 394 U.S. 929 (1969); Hayes v. Celebreze, 311 F.2d 648 (3d Cir. 1963).

■ Agency applications of law receive more intrusive review. Their conclusions will be upheld only if the Agency has applied the relevant law correctly. Perry, 18 V.I. at 527. For interpretations of law, this Court is free to substitute its own judgment for that of the agency. Kirby v. Government, 1983 St. X Supp. 122, 125 (D.V.I. April 8, 1983); Virgin Islands Hotel Assoc. v. Virgin Islands Water & Power Authority, 1972 St. X Supp. 6, 9 (D.V.I. February 2, 1972).

■ The only factual issue on review is whether substantial evidence exists to support the GESC determination that Herbert did not suffer from a disability that would have necessitated the GESC to toll the time for Herbert to appeal his termination.[1] We find ample evidence to support this conclusion. There is evidence in the record which indicates Herbert was physically able to respond to his dismissal letter. Herbert was able to take a bus to a New Jersey post office to pick up his dismissal letter, surely he was able to return on that same bus to that same post office to mail an appeal.[2]

■ Herbert also alleges that the period for appealing a dismissal is automatically tolled if the dismissal letter does not notify the employee that he has only ten (10) days to file an appeal. Unfortunately, 3 V.I.C. § 530(a) only requires a department head to furnish the employee with a written statement of the charges against him. Nowhere in this section is there a requirement that the dismissal

---

[1] We are unclear as to the authority for tolling the statutory filing period in the event of a disability such as athlete's foot. Counsel fails to cite any authority for the proposition that the time period for appealing a dismissal can be tolled because of this disability. 3 V.I.C. § 530(a) does not provide for tolling of the ten (10) day limit due to a disability.

The general provisions of Title 5 of the Virgin Islands Code outlines what types of disabilities are sufficient to toll statutes of limitations. Nowhere does the Virgin Islands Code provide for tolling of a statute of limitations due to athlete's foot.

We do note that other statutes provide for tolling of a limitation period due to disability, see e.g. 33 V.I.C. 3409(c), however, these statutes require the disability to be a "legal" disability or a reasonable excuse. It is ludicrous to think that athlete's foot should be considered a reasonable excuse for failure to file a timely appeal.

[2] The record also reflects that Herbert had knowledge of the procedures to follow to seek review before the GESC in that Herbert, on a prior occasion in 1978, had successfully processed an appeal to the GESC.

letter contain notice of the ten (10) day filing period.[3] We find that the GESC correctly applied § 530(a) to the facts of this case.

In summary we affirm the findings of fact and conclusions of law of the GESC.

## ORDER

THIS MATTER is before the Court on Writ of Review to review a final order of the Government Employees Service Commission. The GESC held that it did not have jurisdiction to hear the petitioner's appeal because the appeal was untimely. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the GESC's decision be, and the same, is hereby AFFIRMED.

---

[3] Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, including Executive Director of the Virgin Islands Water and Power Authority, decides to dismiss, demote, or suspend a regular employee, or employee of the Virgin Islands Water and Power Authority, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission. Such appeal shall be in writing and a copy shall be furnished to the department head and to the Attorney General by the Commission. 3 V.I.C. § 530(a).