**SIDNEY SMITH, Petitioner**

**v.**

**UNITED STATES VIRGIN ISLANDS POLICE DEPARTMENT and GOVERNMENT OF THE VIRGIN ISLANDS, Respondents**

Civil No. 1100/1990

Territorial Court of the Virgin Islands

Div. of St. Croix

January 14, 1992

MARK E. DAVIS, P.C., Christiansted, St. Croix, V.I., *for petitioner*

DARLENE C. GRANT, ESQ. (Assistant Attorney General), St. Thomas, V.I., *for respondent*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Acting on the basis of a complaint that the petitioner, Sidney Smith, had discharged shots into an electrical meter box at Island Center, the Police Department conducted an administrative hearing pursuant to 23 V.I.C. § 459.[1] The Assistant Police Commis-

---

[1] § 459. Cancellation of license

(a) Whenever, following the issuance of a firearms license hereunder, it shall

sioner, who served as a hearing examiner, revoked Smith's gun license. Smith contends that, for a variety of reasons, the hearing violated his rights to due process and equal protection.

The hearing officer's decision was dated May 29, 1990. The petitioner sought judicial review on June 11, 1990, within 15 days of the action complained of. However, his petition was filed in the wrong court, i.e., in the District Court, which dismissed it on November 13, 1990, for lack of appellate jurisdiction. The petition was then filed in this court, as successor to the Municipal Court,[2] on November 30, 1990.

At oral argument on the petition for a writ of review, the Court reserved decision on the Government's motion to dismiss for lack of subject matter jurisdiction, and the arguments on the merits of the petition proceeded. For the reasons dictated into the record, the Court orally ordered that the matter be remanded to the Police Department for the preparation of adequate findings of fact which would enable the Court to determine whether the administrative action complained of was based upon substantial evidence.

In its motion to dismiss, the Government contends that Smith's failure to timely seek judicial review is fatal. Title 23 V.I.C. § 472 provides, in relevant part:

> . . . [A]ny person whose [firearm] license has been revoked, shall be entitled to judicial review thereof by filing an appeal with the *Municipal Court* of the Virgin Islands within *15* days

---

appear to the satisfaction of the Commissioner

 (1) that such license was issued based on a false report of facts, or on concealment of facts on the part of the applicant; or

 (2) that the licensee was not in fact entitled to such license pursuant to the provisions of this chapter; or

 (3) that the licensee commits any act in violation of the terms of the license, or of any provisions of this chapter warranting the cancellation of the license

—the said Commissioner may after due notice and hearing cancel the license so issued; Provided, however, That pending such hearing the licensee shall surrender to said Commissioner or the peace officer representing him the firearm acquired and possessed by virtue of said license.

[2] Act Sept. 9, 1976, No. 3876, § 5, Sess. L. 1976, p. 197, provided: "Wherever the name 'Municipal Court' or 'Municipal Court of the Virgin Islands' appears in the Virgin Islands Code or other statutes of the Virgin Islands in other than a historical sense, the same is hereby amended to read 'Territorial Court' or 'Territorial Court of the Virgin Islands', as the case may be.

after the date of the action complained of." (Emphasis supplied.)

This section was enacted in 1968. It follows the 1957 enactment of the more general writ of review statute, 5 V.I.C. § 1421[3] et seq. and the applicable rule of procedure, 5 V.I.C. App. V Rule 11. The rules of statutory construction are well-settled that the specific controls the general and the later enactment supersedes the earlier. See 2A C. Sands, Sutherland on Statutes and Statutory Construction § 51.02 (4th ed. 1984); Natural Resources Defense Council v. United States Environmental Protection Agency, 824 F.2d 1258 (1st Cir. 1937). Thus, while the parties and the Court have referred to this proceeding as a writ of review, properly speaking it is an appeal as denominated in and controlled by 23 V.I.C. § 472.

 Because the petition was not filed in the Territorial Court within 15 days of the hearing officer's decision, the appeal is, without more, untimely. In the absence of a timely notice of appeal, a court is without jurisdiction. Boggs v. Bravo Corp., 532 F.2d 897, 899 (3d Cir. 1976); Fitzsimmons v. Yeager, 391 F.2d 849, 853 (3d Cir. 1968), cert. denied 393 U.S. 868, 89 S.Ct. 154. While a court may relax its own rule establishing a time limit for filing an appeal when justice so requires, it does not have the same discretion where the requirement is promulgated by statute. Schacht v. United States, 348 U.S. 58, 64, 90 S.Ct. 1555, 1559 (1970).

Where the defect is in the contents of a notice of appeal, a policy of liberal construction applies. In Matute v. Procoast Navigation. Ltd., 928 F.2d 627 (3d Cir. 1991), the notice of appeal referred to the trial court's order denying a motion for reconsideration instead of the original order of dismissal. The Third Circuit held that, in the absence of prejudice to the appellee, such an irregularity was harmless and not a jurisdictional bar to the appeal. Cf., State Farm Mutual Auto Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321 (1956); Wheatley v. Beetar, 637 F.2d 863 (2d Cir. 1980). Here, however, the

---

[3] § 1421. Proceedings and orders reviewable

Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed.

problem is not with the contents of the notice of appeal but rather with the forum in which it was filed.

In Portland Federal Employees Credit Union v. Cumis Insurance Society, Inc., 894 F.2d 1101 (9th Cir. 1990), an appellant mistakenly filed a "petition for leave to appeal" in the U.S. District Court, rather than in the Court of Appeals. The Ninth Circuit not only accepted the "petition for leave to appeal" as a notice of appeal but also construed it as a timely notice of appeal filed in the District Court on the date it was filed with the Court of Appeals. The Portland decision, however, relied on the Federal Rules of Appellate Procedure, which specifically require such broad construction and disregard of irregularities in form or procedure. Id. at 1103.

■ Here, however, the Court's discretion is neither explicitly sanctioned nor inherent. The controlling statute is unambiguous and compliance with its terms is mandatory and jurisdictional. See, Herbert v. GESC, 21 V.I. 358 (D.C.V.I. 1985). There is no basis upon which to conclude that the mistaken filing in the District Court tolled the fifteen day statutory period. Accordingly, the appeal from the decision of the Police Department is untimely, and this Court has no jurisdiction to entertain it. The respondents' motion to dismiss will be granted.

### ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the respondents' motion to dismiss is granted.

45