# LaVALLEE NORTHSIDE CIVIC ASSOCIATION, Petitioner
## v.
# VIRGIN ISLANDS BOARD OF LAND USE APPEALS, Respondent

Civil No. 43/1993

Territorial Court of the Virgin Islands

Div. of St. Croix

May 11, 1994

BRUCE Z. MARSHACK, ESQ. (HEADLEY-LAMONT & MARSHACK, P.C.) St. Croix, U.S.V.I., *for petitioners*

SUSAN B. BASTRESSS, ESQ., LISA HARRIS-MOORHEAD, ESQ. (MOOR-HEAD & BASTRESS, P.C.), St. Croix, *for respondent*

CABRET, *Judge*

## MEMORANDUM OPINION

This case is before the Court on plaintiff's petition for a writ of review of a decision by the Virgin Islands Board of Land Use Appeals. The Board has affirmed the issuance of a Minor Coastal Zone Permit by the Department of Planning and Natural Resources. Plaintiff seeks to overturn this affirmance.

This Court has thoroughly reviewed the record below and finds that there was substantial evidence to support the Commissioner's grant of a permit. Hence, the decision of the Board of Land Use Appeals is affirmed.

LaVallee Northside Civic Association ("Petitioner"), is a voluntary association of residents of the communities in the LaVallee area of St. Croix. Petitioner seeks the reversal of a decision by the Department of Planning and Natural Resources ("DPNR") to issue Minor Coastal Zone and Earth Change Permits and later, Subdivision Approval, for #46 Estate Rust Op Twist, LaVallee. Petitioner objected to the application for the subdivision permit which the developer, H.C. Ruparelia, made in early 1992. After the permit was issued, Petitioner appealed the decision, which was made by the Commissioner of the Department of Planning and Natural Resources to the Virgin Islands Board of Land Use Appeals ("the Board"), an administrative appellate board of the Virgin Islands Government. Petitioners claim that DPNR and the Board failed to promote public participation in the permitting process as mandated by the Virgin Islands Coastal Zone Management Act of 1978 (hereinafter "the Act"). They assert that this mandate should have afforded them the opportunity to be heard at a public hearing.

The developer received the permits and approval after following the procedures outlined in 12 V.I.C. § 910. Any permit application made under this section is subject to a finding by the appropriate committee of the Coastal Zone Management Commission ("CZM") or the Commissioner of Conservation and Cultural Affairs ("the Commissioner") that:

> (A) the development is consistent with the basic goals, policies and standards [of the Coastal Zone Management Chapter of the V.I. Code]; and (B) the development as finally proposed incorporates to the maximum extent feasible mitigation measures to substantially lessen or eliminate any and all adverse environmental impacts of the development....

12 V.I.C. § 910(a)(2). Permits are then issued as either major or minor coastal zone permits depending on the proximity to the sea and the magnitude and value of the intended improvements. 12 V.I.C. § 910(c). According to this section, a subdivision requires only a Minor Coastal Zone Permit if the Commissioner makes a finding that the development is unlikely to have "significant adverse environmental consequences". Id. at (c)(2)(A) & (E). Upon receipt of a minor permit application, the statute requires that the Commissioner give written notice of the application to any person

11

who requests it as well as any person who the Commissioner determines would be affected by or interested in the proposed development.[1] The public is then given 30 days in which to submit to the Commissioner written comments regarding the permit application. The Commissioner is required to act on the application within 60 days and provide a written copy of his decision to the applicant and any other person who requests one. Id. at (d)(3) & (4).

A major permit application, which must be made if the Commissioner anticipates significant adverse environment consequences as a result of the proposed development, requires the applicant, among other things, to prepare and present an Environmental Assessment Report and open the application to a public hearing. Id. at (c)(2)(A) & (E). It is this type of permit application process that Petitioner seeks to be required of Mr. Ruparelia. It is the threshold determination made by the Commissioner of "no significant adverse environmental consequences" to which Petitioner objects.

Petitioner contends that the proposed development will have significant adverse effects on the environment. Specifically, it cites the effect on the quality of the water in the Caribbean where the run-off from this land drains, the immediate neighborhood in terms of overcrowding and its members' quality of life in general. Petitioner asserts that its concerns were not addressed in the permitting process because it was not afforded an opportunity to have input into the Commissioner's decision. Petitioner is seeking to have the Commissioner's decision overturned and the application reconsidered as a major permit application as this would afford Petitioner the opportunity to express its concerns, on the record, at a public initial permitting hearing. 12 V.I.C. § 910(d)(2).[2]

---

[1] The Rules and Regulations promulgated by the Commissioner pursuant to 12 V.I.C. § 910(d)(7)(E), require, in pertinent part, that upon a determination of completeness of a **minor** permit application, the Commissioner "shall promptly give written notice of such application to any person who he determines would be affected by or interested in such development, any person who has requested in writing to be notified concerning such development, and to the owner(s) of any/all lot(s) within or adjacent to the site of the proposed development. Upon a request from any such person, the Commissioner shall transmit a copy of the application to such person and request comments thereon within 30 days." V.I.R.&R § 910-7, Review of Coastal Zone Permit Applications.

[2] 12 V.I.C. § 910(d)(2) states, in pertinent part: "Upon determination by the Com-

## DISCUSSION

### I. Failure to Promote Public Participation

Petitioner cites as error the Commissioner's failure to promote public participation in the decision making process prior to approving the LaVallee subdivision permit. No charge of failure to notify interested persons of the permit application is made. Petitioner also does not claim that it was denied an opportunity to submit information which it thought should be considered prior to the issuance of a permit. Petitioner's assignment of error is based on the failure of the Commissioner to promote public participation in the actual decision making process. The language in the Coastal Zone Management Act which Petitioner characterizes as a mandate for public participation is found among the general purposes of the Act. 12 V.I.C. § 903(b)(11).[3] This general statement of the Act's goals is augmented by a more specific edification of the Legislature's intent with regard to public participation. The Coastal Zone permit procedures section of the Act requires, in the case of a minor permit, notification to adjoining property owners and a thirty-day period during which interested parties may submit written comments. 12 V.I.C. § 910(d)(3). A public hearing must be held when a major permit is contemplated. Id., at (d)(4). These notice and comment provisions adequately provide for participation by interested members of the community and were complied with in this case. That the Petitioner had notice of, and took advantage of, its opportunity to be heard through written comments is uncontroverted. The Petitioner admits in its own brief that "[f]rom no later than [one week after permit application was made] ... members of the petitioner entity and other concerned neighbors wrote letters, made phone calls and visited [DPNR] to give voice to their objection to the granting of a minor permit." (Petition for Writ of Review, at 2). Evidence that these letters reached the Commissioner is

---

missioner that an application for a **major** coastal zone permit is complete, the Commissioner shall . . . schedule a public hearing to be conducted by the appropriate Committee of the Commission on such application ..." (emphasis added).

.[3] § 903(b)(11) read, in pertinent part, "The Legislature hereby determines that the basic goals of the Virgin Islands for its coastal zone are to: . . . (11) promote public participation in decisions affecting coastal planning conservation and development."

13

also found in the record. Some of Petitioner's members visited the Commissioner's office and observed the letters in the file. (Tr. at 21). The Commissioner's receipt and awareness of the contents of the phone calls and letters is uncontroverted. The Petitioner acknowledges the Commissioner of DPNR's awareness of its opposition in its brief. (Appt's Brief at 5). The record clearly shows that when questioned at the Board of Land Use Appeals hearing, a member of the LaVallee group admitted that she is a property owner within 200 feet of the proposed development and was notified by letter of the application. (Tr. at 56). The record is devoid of any complaints by property owners who claim that they should have been notified but were not.

These sections of the record clearly demonstrate that petitioner not only had an opportunity to comment on the permit application, but that it did so and was heard by the Commissioner. The basis of Petitioner's allegation that the Commissioner failed to promote public participation is the fact that its members did not receive any response to the cards and letters they sent. (Appt's Brief at 5). A response, however, is not called for in the Coastal Zone Management Act. The only response the Act mandates is notification of the final decision if one is requested. 12 V.I.C. § 910(d)(4). Petitioner's claim that the process was inadequate due to the lack of a dialogue of some type between its members and the Commissioner regarding the decision to allow the subdivision is not supported by the statutory requirements.[4] The Supreme Court has held that a reviewing court is not free to impose upon administrative agencies any procedural requirements beyond those provided for in the enabling legislation. "Even apart from the Administrative Procedure Act this Court has for more than four decades emphasized that the formulation of procedures was basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments."

---

[4] The Coastal Zone Permit Procedure section of the Act provides, in pertinent part, that "[u]pon receipt of an application for a minor coastal zone permit ..., the Commissioner shall . . . give such notice to any person who he determines would be affected by or any persons interested in such development. Upon a request from any such person, the Commissioner shall transmit a copy of the application and shall request comments thereon within thirty days thereafter. 12 V.I.C. § 910(d)(3) emphasis added.

14

Vermont Yankee Nuclear Power v. Natural Resources Defense Council, 435 U.S. 519, 524 (1978) (citations omitted).

A 30 day period during which interested parties may submit comments is a standard device used in administrative procedure.[5] For decisions made by federal agencies pursuant to the Administrative Procedure Act, for example, this process is mandated. Id. Only when a statute specifically states that formal rulemaking is required, is a trial-type hearing held. Id.

▮▮▮ Appellant's second basis for its claim of lack of notice is the Commissioner's failure to notify them of the adverse decision. However, as previously stated, the Act requires the Commissioner to notify only those interested citizens who requested notification. None of the citizens who wrote letters to the Commissioner claim to have requested this notification. The Commissioner's failure to notify the Petitioner may have shown a lack of regard for public participation. The lack of notification did not, however, undermine the public's participation in any way in this case. The petitioner's appeal was timely filed despite its not having received direct notification of the Commissioner's decision.

▮ Petitioner also argues that the Commission showed a general disregard for the rights of its members. The statutory notice provisions, however, are the totality of all process which is due Petitioner. There are no overriding due process interests which the appellant can claim since it has no constitutionally protected property interest in the land which is to be subdivided. This was recognized by the District Court of the Virgin Islands in an earlier case involving the same parties which are before the Court today. In that challenge to the Coastal Zone Management Act, Petitioner asserted a due process claim based on its interest in the development of another parcel of land. Chief Judge O'Brien held in that case that "the petitioner's right to appeal CZM's action is purely procedural, and does not give rise to a property interest." LaVallee Northside v. Bd. of Land Use Appeals, 24 V.I. 88, 97 (D.C.V.I. 1988) rev'd on other grounds, 866 F.2d 616 (3d Cir. 1989). The parties' interests are identical in the case at bar to those held six years ago. Therefore, Petitioner's rights are limited to those allowed by the statute.

---

[5] See, 5 U.S.C.A. § 553; E. Gellhorn and R. Levin, Administrative Law and Process, at 323–24 (1990).

## II. Determination of Lack of Significant Adverse Consequences

██ Petitioner cites, as a second error, the initial decision of the Commissioner that only a minor permit was warranted. Petitioner claims the decision was erroneous and should be reversed, allowing them the opportunity to contest the permit at a hearing. The determination of the Commissioner was one of fact, namely, that there will be no significant adverse environmental consequences as a result of the project.[6] Factual determinations made by an agency are given greater deference on review than determinations of law, and will be upheld if there is substantial evidence in the record to support such a finding. Herbert v. Government Employees' Service Commission, 21 V.I. 358, 360 (D.V.I. 1985) (citing Perry v. G.E.S.C., 18 V.I. 524, 527 (D.V.I. 1981); Branch v. Bryan, 18 V.I. 54, 56 (D.V.I. 1980)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

██ The duty of an appellate court in reviewing cases from the Board of Land Use Appeals is not to find the facts anew but to review the evidence which was before the Commissioner and be certain that substantial evidence supported the findings made and conclusions reached. Once the reviewing court determines that the agency adopted a rational view of the facts and correctly interpreted the law, it must then decide whether the Board was justified in finding that the agency's decision was supported by substantial evidence. See, Maitland v. Pelican Beach Properties, 892 F.2d. 245, 250 (3rd. Cir. 1989) (citing Conservation Society v. Board of Land Use Appeals, 21 V.I. 516, 519–20 (D.C.V.I. 1985)).

██ When applying the substantial evidence test, a reviewing body is obliged to consider the "whole record". Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951). That is, it is not merely charged with finding justification for the agency's decision, it must determine whether the decision was reasonable in light of all the evidence presented. "The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Government of the Virgin Islands v. Public Employee Relations Board, 22 V.I. 12, 23 (Terr. Ct. St. T/J 1986).

---

[6] This resulted in the subdivision permit remaining under the auspices of 12 V.I.C. § 910(c)(2)(A), the code section which describes minor permit applications, rather than transforming it into a more stringent major permit.

■ The code section under which this permit was issued, 12 V.I.C. § 910, requires the Commissioner to make a threshold decision as to whether or not the planned development will have significant adverse environmental consequences. The statute is silent regarding the factors he must consider. The rules and regulations promulgated by the Commissioner pursuant § 910(e) are similarly unhelpful on review as they, too, fail to elaborate on factors which must be considered in determining the degree of environmental impact which can be anticipated in the wake of a project.[7] However, despite the discretionary nature of the Commissioner's decision, it must still be supported by substantial evidence. The Commissioner's determination was based on scientific data regarding erosion, sedimentation, percolation and hydrology. This data was prepared and presented by the permittee. (Hearing tr. at 105). This may appear biased, but even a major permit, which Plaintiffs are asking the Commissioner to require, uses data prepared by the applicant for its mandatory Environmental Assessment Report. 21 V.I.C. 902(o). The Commissioner also relied upon studies made by the staff of the Department of Planning and Natural Resources. Jose Martinez, Director of Coastal Zone Management and Building Permits for DPNR, testified in part as follows:

> Based on our review of our staff (sic) within the Coastal Zone Management Office who assigns (sic) different issues like drainage, vegetation closer to areas of endangered species, the type of soil, they have to submit to us a percolation test of the soil, characteristics, existing vegetation of the area, we have determined that this area is not a major ecological area. So we recommended to the Commissioner that this will be a minor permit application *based on those recommendations*.

(Tr. at 101) (emphasis added).

In contrast, the Petitioner failed to bring forth any factual or scientific evidence which supports their contention. They assert that the Commissioner's determination of no significant adverse environment impact was not supported by substantial evidence, yet the

---

[7] Section 910-7(d) of Title 12 V.I.C. Rules and Regulations gives the applicant for a major permit the right to receive a written summary describing the action, the findings and conclusions. There is no similar requirement compelling the Commissioner to make public the findings which substantiate his threshold decision regarding environmental impact.

record below was devoid of any geological studies or facts which refute the Commissioner's conclusion. Petitioner's arguments centered primarily on the change in the neighborhood as a result of the density of the proposed development. (Tr. at 33–44). The only discussion of environmental impact on the part of Petitioner was in the form of questions (Tr. at 47) and argument by analogy to another project by the permittee. (Tr. at 63). That project involved the construction of fifty homes. The permit before the Court is for a subdivision only. No building permits have been issued or applied for. (see, Tr. at 85–86). The Petitioner will have an opportunity to further protest any permits[8] issued to build on the lots which this permit allows to be divided.

The actual test reports and conclusions are not a part of the record on review. However, the Supreme Court has said that "it is not the function of the court to probe the mental processes of the [Commissioner] in reaching his conclusions if he gave the hearing the law required." Morgan v. United States, 304 U.S. 1, 18 (1938) (Morgan II) When that case reached the Supreme Court again three years later, on appeal following remand, the Court reiterated its stance when it stated that just as a judge could not be made to explain his or her decisions, "so the integrity of the administrative process must be equally respected." United States v. Morgan, 313 U.S. 409, 422 (1941).

■ This Court concludes that the Commissioner correctly interpreted and followed the dictates of the Title 12 and that his decision is supported by substantial evidence.

## CONCLUSION

The Legislature has required a determination of lack of significant environmental consequences prior to the issuance of a minor coastal zone permit for a project which otherwise comforms to the statute (12 V.I.C. § 910(c),(2)(A) & (E)). It has not elaborated on the specific factors which must be considered. The permittee in the

---

[8] 12 V.I.C. § 910(a)(1) requires "any person wishing to perform or undertake any development in the first tier of the coastal zone, except as provided in subsection (b) of this section, shall obtain a coastal zone permit...." Subsection (b) exempts the maintenance of existing buildings and emergency action necessary for the protection of life and public safety. Subsection (c)(2)(A) requires a minor permit for one for two single family or duplex homes per lot.

18

case at bar presented test reports of such a nature as would be critical to such a determination. The Department of Planning and Natural Resources did independent studies of its own to substantiate the findings. It is the opinion of this Court that the Commissioner's decision is supported by substantial evidence and there is no justification for this Court's interference in the agency decision making process. Therefore, the decision is affirmed.

## ORDER

IN ACCORDANCE with the Memorandum Opinion of even date, it is hereby

ORDERED that the decision of the Virgin Islands Board of Land Use Appeals upholding the decision of the Commissioner of the Department of Planning and Natural Resources is AFFIRMED.

DONE SO AND ORDERED this 11th day of May, 1994.