**GILBERT COMMISSIONG, Petitioner**

**v**

**GOVERNMENT EMPLOYEES RETIREMENT WRIT OF REVIEW
SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS
(GERS), and the BOARD OF TRUSTEES OF GERS,
Respondent**

Civ No. 147/93

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 9, 1998

BERNARD A. VANSLUYTMAN, ESQ., Attorney for Petitioner, St. Thomas, U.S.V.I., *for petitioner*

DENISE R. REOVAN, ESQ., St. Thomas, U.S.V.I., *for Respondent*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented is whether the GERS may vitiate the certifications of the Executive Director of WAPA regarding "eligible" positions and substitute the opposite opinion of its own consultant, where the early retirement law specifically vests this duty solely in the Executive Director with respect to WAPA employees. For the reasons that follow, the Court holds that GERS may not vitiate such certifications, and that its decision, denying Petitioner early enhanced retirement benefits on that basis, must be reversed and remanded for reconsideration.

### FACTS

Petitioner retired from employment with the Government of the Virgin Islands on July 5, 1991, having been employed by the Government for thirty (30) years and attaining the age of fifty-five (55) years. For the last twenty-one (21) years of Petitioner's thirty (30) years of service to the Government, Petitioner was employed by the Virgin Islands Water and Power Authority (hereinafter "WAPA"). During his tenure at WAPA, Petitioner served in the following capacities: (1) Plant Operator from June 29, 1970 to March 31, 1975, (2) Chemist from April 1, 1975 to December 31, 1977, (3) Laboratory Supervisor from January 1, 1978 to June 13, 1981, (4) Chemist from June 14, 1981 to May 25, 1989, and (5) Fuel Oil Supervisor from May 26, 1989 to July 5, 1991.

Prior to Petitioner's retirement, Alberto Bruno-Vega, then Executive Director of WAPA, certified on March 20, 1991 that the position of Laboratory Supervisor is a hazardous duty position pursuant to Act No. 5226. On June 13, 1991, he also certified the positions of Chemist/Laboratory Supervisor as hazardous duty positions, and specifically certified that Petitioner Gilbert Commissiong worked in a hazardous capacity for at least five

142

years in the positions of Chemist/Laboratory Supervisor from April 1, 1975 to June 30, 1988 and that he was eligible for enhanced early retirement benefits pursuant to the early retirement provisions of Act No. 5226.

After receiving the aforesaid certifications from the Executive Director, GERS' administrator retained the services of Rosie Mackay, Safety Specialist and Consultant, to determine whether the Executive Director's certification should be accepted. On October 3, 1991, she submitted a report indicating that the Executive Director of WAPA needed to submit "specific information about exposure based on a daily, weekly, monthly and yearly basis as well as the specific compounds or derivatives being used, and in what fashion" before she could render a "true analysis of Petitioner's eligibility for early retirement benefits". Ms. Mackay interviewed Petitioner on October 9, 1991 and conducted a site visit at WAPA on November 26, 1991 when Petitioner showed her the areas in which he worked while employed by WAPA and the duties he performed. She also reviewed the certifications issued by the Executive Director of WAPA, the Fifth Annual Report on Carcinogens Summary, and numerous Literature on chemicals and workplace hazards. Based on the foregoing, Ms. Mackay submitted another report, dated January 10, 1992, to the Administrator indicating that "Mr. Commissiong *does not* qualify for retirement under the Early Retirement Act, referred to as Act #5226".

Based on the January 12, 1992 report from Ms. Mackay, the Administrator of GERS, in a letter dated January 14, 1992, denied Petitioner's benefits under Act No. 5226, despite the Executive Director's certification of Petitioner's eligibility. Petitioner then appealed the Administrator's decision to the GERS Board which heard arguments on the matter on August 11, 1992.

In its decision entered on January 27, 1993, the Board affirmed the decision of the Administrator, also relying on the opinion of the Consultant; thereby, denying Petitioner the early retirement benefits under Act No. 5226. Petitioner then timely filed this Petition for Writ of Review of the decision of the Board.

## STANDARD OF REVIEW

Pursuant to V.I. CODE ANN. tit. 5, § 1423 (1997), this Court has "the power to affirm, modify, reverse, or annul the decision or

determination reviewed, and if necessary, to award restitution to the plaintiff, or by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision."

In reviewing the decision of the Board in this matter, the Court must determine: (a) whether the agency findings are supported by substantial evidence on the record and (b) whether it acted within the limits of its statutory powers and applied the relevant law correctly. *See Turnbull v. Holder*, 11 V.I. 93 (D.V.I. 1974). *Donastorg v. Gov't Employees Service Commission*, 6 V.I. 368 (D.V.I. 1968).

The Court must give agency determinations of fact greater deference than the agency's conclusions of law. *Perry v. Government Employees Service Commission*, 18 V.I. 524 (D.V.I. 1981). Therefore, when reviewing the factual determinations of an agency, the Court must utilize the substantial evidence rule which dictates that agency determinations will not be set aside due to factual determinations where substantial evidence exists in the record to support the agency's determination. *Id.*

An administrative agency's construction of statutes dealing with its area of administration is to be accorded great weight. *Hosier v. Evans*, 8 V.I. 27 (D.V.I. 1970). However, conclusions of law by an agency will be upheld only if the agency has applied the relevant law correctly; thus, a court is free to substitute its own judgment for that of the agency when reviewing conclusions of law. *Herbert v. Government Employees Service Commission*, 21 V.I. 358 (D.V.I. 1985). Where administrative action is taken without authority of law or is contrary to the law which purports to give that agency the authority to act, such action is deemed to be arbitrary and must be reversed on appeal. *In Re Hooper's Estate*, 359 F.2d 569 (3d Cir. 1966).

## ANALYSIS

A. Applicability of the Substantial Evidence Rule

■ Despite the certifications of the Executive Director of WAPA that the positions of Chemist/Laboratory Supervisor were eligible positions, and that Petitioner was directly and continuously exposed to carcinogens, the Administrator of GERS determined that

144

Petitioner was not an "eligible employee working with chlorine, sewage or carcinogens" based upon the advice of Respondent's own consultant, whose continued employment as such would depend on her recommendation against the retiring applicant and favoring the Respondent. Such a conflict of interest militates against the objectivity of the decision. Moreover, the Board affirmed the decision of the Administrator and erroneously concluded "that the record before this Board is devoid of any indication that Commissiong has worked directly and continuously with carcinogens as required by the statute". Such an assertion is patently false and the Board erred in not reversing the determination of the Administrator in the face of the bias of the consultant and the Executive Director's certifications, which not only indicate that the position of Laboratory Supervisor is a position that is considered under the general category of "Plant Operator", but also that said position is a position in which Petitioner was directly and continuously exposed to arsenic, chromium, carbon tetrachloride, chloroform, hydrazine sulfate, and asbestos–all of which are defined by the Second Annual Report on Carcinogens.

◼ The only evidence that supports the Administrator's decision to deny enhanced early retirement benefits is the advice of its own consultant. However, neither GERS nor its consultant was vested with the authority to certify an employee's eligibility for early retirement benefits. V.I. CODE ANN. tit.3, § 702(x) & § 702(y) (1995) specifically vests the Executive Director of WAPA with that authority and any attempt by GERS, or its designee, to exercise such authority is contrary to law and void as a matter of law. Indeed, the Consultant made no reference to the applicable law in her opinion. Thus, any opinion rendered by the Consultant in this regard is of no consequence. However, even if the opinions of a consultant were acceptable to refute a certification, Rosie Mackay exceeded the scope of her expertise. In determining that Petitioner "does not qualify for retirement under the Early Retirement Act, referred to as Act #5226", she rendered a legal conclusion rather than a factual determination. In addition, in her report dated January 10, 1992, the Consultant indicated that some chemicals were used by Petitioner during his tenure as Chemist at WAPA;

however, rather than state whether the chemicals were carcinogens or not, she stated that Petitioner is a trained chemist who "made an educated choice in accepting the positions of Chemist and Fuel Oil Supervisor"–a determination that has nothing to do with Petitioner's eligibility for enhanced early retirement benefits under Act No. 5226. Indeed, the law authorizes early retirement benefits to employees whether they transfer into or out of eligible positions. *See* V.I. CODE ANN. tit. 3, § 705(d) (1995). Moreover, an employee's choice of a hazardous duty position does not make it any less hazardous, and once that choice is made, that employee is entitled to the benefits of that choice.

Once a certification is made by the Executive Director of WAPA, the GERS' only duty is to determine whether the applicant was employed the required number of years in eligible positions. Once those requirements are met, Petitioner qualifies for early retirement and GERS is compelled to pay the enhanced benefits to the applicant. In other words, it is not a discretionary, but a ministerial duty of GERS.

Although the record indicates that Petitioner is eligible as a Plant Operator, and that the Executive Director of WAPA certified Petitioner's positions of Chemist and Laboratory Supervisor as eligible positions, the record does not reveal whether Petitioner's position as a Fuel Oil Supervisor was also certified as such. Moreover, the record does not indicate whether Petitioner worked the requisite number of years in eligible positions. The sole basis of its denial was the consultant's opinion. Therefore, it is clear that there is no substantial evidence in the record to support the GERS' finding that Petitioner did not qualify as an eligible employee.

B.  Application of the Relevant Law

1.  Statutory Law

To be eligible for early retirement benefits pursuant to the provisions of Act. No. 5226, Petitioner must prove that (1) he is an "eligible employee" with WAPA pursuant to V.I. CODE ANN. tit. 3, § 702(x) or § 702(y) (1995), and (2) he has completed twenty (20) years or more of service in an eligible position pursuant to V.I. CODE ANN. tit. 3, § 705(d) (1995).

V.I. CODE ANN. tit. 3, § 702(x) (1995) states:

146

"Eligible employee with the Virgin Islands Water and Power Authority" means any person employed by the Authority as a lineman or plant operator for a period of not less than five years as certified by the Executive Director of the Authority.

V.I. CODE ANN. tit. 3, § 702(y) (1995) states:

"Eligible employee working with chlorine, sewage or carcinogens" means any person employed by the Government of the United States Virgin Islands certified by such department's chief executive officer or his designee as having worked continuously and directly for a period of at least five years with chlorine, sewage or a carcinogen as defined by the Second Annual Report on Carcinogens published by the Public Health Service, U.S. Department of Health and Human Services, dated December 1981, as revised.

■ Once Petitioner has met the requirements of V.I. CODE ANN. tit. 3, § 702(x) or (y) (1995), he may qualify for early retirement, despite his age, without a reduction in annuity pursuant to V.I. CODE ANN. tit. 3, § 705(d) (1995), which states in pertinent part:

A policeman, eligible employee with the Virgin Islands Water and Power Authority, eligible employee working with chlorine, sewage or carcinogens, fireman, including fireman working with the Virgin Islands Port Authority, marshal of the Territorial Court or corrections officer who has completed twenty (20) years or more of credited service as a policeman, eligible employee with the Virgin Islands Water and Power Authority, eligible employee working with chlorine, sewage or carcinogens, fireman, including fireman working with the Virgin Islands Port Authority, marshal of the Territorial Court or corrections officer, *or combination thereof*, may retire notwithstanding his age without reduction in annuity. (Emphasis added).

Thus, Petitioner need not have worked in one eligible position for a period of twenty years. He was free to work in any number of

eligible positions, so long as each position was eligible per se (such as Plant Operator) or eligible as certified by the Executive Director of WAPA, and so long as the cumulative time spent in all eligible positions was for a period of at least twenty (20) years.

Moreover, the benefits to such eligible employees are enhanced pursuant to V.I. Code Ann. tit. 3, § 706(b)(2) (1995), which provides that the annuity of said retirees are produced by 3 percent per year of credited service times the number of years, rather than the 2.5% per year of credited service times the number of years allotted to regular retirees. Once Petitioner's eligibility is denied, he loses his entitlement to such enhanced benefits.

■ In this case, Petitioner established that he was employed as a Plant Operator from June 29, 1970 to March 31, 1975, a period of five years which is necessary to designate Petitioner as an eligible employee pursuant to V.I. CODE ANN. tit. 3, § 702(x) (1995). Petitioner has also established that he worked in the positions of Chemist and Laboratory Supervisor from April 1, 1975 to May 25, 1989, an additional period of fourteen (14) years, and these positions were certified as eligible by the Executive Director. In addition, Petitioner has established that he worked as a Fuel Oil Supervisor from May 26, 1989 to July 5, 1991, an additional two (2) years; however, the record does not establish whether the position of Fuel Oil Supervisor qualifies as an eligible position under V.I. Code Ann. tit. 3, § 702(y) (1995). If this position is certified as eligible, then Petitioner would be entitled to enhanced early retirement benefits since he would have acquired in excess of twenty (20) years in eligible positions when his employment in the positions of Plant Operator, Chemist, Laboratory Supervisor and Fuel Oil Supervisor are combined. If not, Petitioner would not be entitled to such benefits. Thus, this matter must be remanded for a determination of whether the position of Fuel Oil Supervisor is an eligible position, since the decision of whether Petitioner qualifies for enhanced early retirement benefits could not have been properly made without that determination.

2. Rules and Regulations

Administrative action is arbitrary if taken without any authority of law or upon a misconstruction of the statutory authority under which it purports to be taken. *Dixon v. United States*, 381 U.S. 68, 74

(1965). Moreover, a regulation that is in direct contradiction of an unambiguous statutory provision is void. *Diersen v. Chicago Car Exchange*, Civil No. 96-1588 (7th Cir. 1997).

V.I. CODE ANN. tit. 3, § 715(b) (1995) states in pertinent part:

> For making effective the provisions of this chapter; the Board shall adopt rules and regulations to govern its internal organization and functioning and shall approve and cause to be promulgated from time to time such other regulations as the Administrator may require for the proper and efficient administration of the System according to law.

This statute authorized the Board to promulgate rules and regulations to implement the dictates of the law. However, in promulgating rules, Respondents added requirements that were not only unauthorized by law, but also contrary to the law.

The Board promulgated V.I. CODE ANN. R. & REGS. tit. 3, § 702-5-D (1990) which states:

> For each position submitted the Department Head shall show that the position is directly and continuously involved with chlorine, sewage or carcinogens. The certification shall state how much chlorine, sewage, or carcinogens is involved in a daily, weekly, monthly, or yearly basis. The certification shall also state whether the employee handles the chlorine, sewage or carcinogen directly and in what manner.

In affirming the decision of the Administrator of GERS, the Board indicated that "specific information regarding the nature of Petitioner's exposure, the specific compounds or derivatives being used and method of such use must be indicated in the certification" pursuant to § 702-5-D of the Rules and Regulations of GERS. However, the Court finds that in promulgating and adopting those rules, Respondent exceeded its authority. V.I. CODE ANN. tit. 3, § 702(y) (1995) requires only a certification by the head of an agency to establish that an employee has worked directly and

continuously with chlorine, sewage or a carcinogen for a period of at least five (5) years. The legislation does not require any quantitative amounts of exposure or even the methods of exposure, as has been imposed by the rules. Where the substance to which the employee is exposed is a carcinogen, the statute requires that the carcinogen be defined by the Second Annual Report on Carcinogens. These statutory requirements were all met by the Executive Director in the certifications on record. The attempt by the Respondent to impose additional discretionary requirements is legally impermissible since such a method is sure to divest the retirees of equal protection under the law, and each retiree would be subject to any arbitrary whims of the GERS Administrator, who could then use these rules to deny benefits to retirees based on non-statutory factors such as quantity, extent and frequency of exposure, even though the statutory requirements are satisfied. Moreover, since the Rules establish no quantitative limits, no qualitative measures, and no minimum period of exposure, these supplemental factors are clearly arbitrary and could result in the consideration of non-carcinogenic factors (such as politics) in deciding which employee is eligible and which employee is not. Such arbitrariness is avoided by a strict application of the statutory factors. Thus, Rule 702-5-D is null and void to the extent that it adds factors that can result in arbitrary decisions as to who is eligible, and thereby rewrite the purpose and exceed the scope of the law. *Dixon v. United States*, 381 U.S. 68, 74 (1965). *See also Diersen v. Chicago Car Exchange*, 110 F.3d 481, *cert. denied* 118 S.Ct. 178 (1997) and *Byrd v. Raines*, 956 F.Supp. 25 (D.C. Cir 1997).

■ In addition, there is no indication in the law that the Legislature intended the certifications of the heads of agencies to be second-guessed or disregarded by GERS or its consultants. Nor did the Legislature intend for new qualifications to be established through the promulgation of rules that clearly frustrate the purpose of the legislation. Thus, the Board erred in promulgating the rules and regulations which effectively vitiate the certification of the official who is solely vested with the authority by the Legislature to do so. Here, the Legislature vested the Executive Director of WAPA with that authority and Respondent cannot overrule that mandate by such a self-serving and legislation-defeating scheme.

Had the law been properly applied, both the Administrator and the Board would have focused their attention on whether Petitioner had certifications or non-certifications for each position, and what was the total term of his employment in eligible positions–the only appropriate factors to be considered in determining whether he was entitled to enhanced retirement benefits. Instead, the focus was centered on the improper factors established by the rules as interpreted by their consultant, thereby resulting in reversible error. Indeed, it may be possible, that Petitioner may still be denied enhanced early retirement benefits; however, that determination must be made on a legally valid basis, and upon substantial evidence in the record.

## CONCLUSION

Based on the foregoing, the Court concludes that both GERS' Administrator and the Board erroneously vitiated the certifications of the Executive Director of WAPA, failed to apply the appropriate law, and lacked substantial evidence to deny Petitioner's enhanced early retirement benefits. Accordingly, the decision of the Board must be reversed and remanded for action consistent with this opinion.