# SUWOL,
*Petitioner,*

*v.*

# DEPARTMENT OF COMMERCE,
*Respondent.*

## (CA 11930)

597 P2d 1274

Leon Simson, Portland, argued the cause for petitioner. With him on the brief were Kell, Alterman & Runstein and Leslie M. Roberts, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Gillette and Campbell, Judges.

THORNTON, P. J.

**THORNTON, P. J.**

Petitioner seeks judicial review of an order of the Real Estate Division revoking her collection agency operator's license and the collection agency license of petitioner, dba Adjusters Syndicate. Petitioner challenges four aspects of the revocation process.

Petitioner first assigns as error the form of the following finding of fact:

"VI

"Nettie K. Suwol and Nettie K. Suwol dba Adjusters Syndicate failed to file or cause to be filed with the Real Estate Division prior to their use, a copy of all forms used in their business and process of collection from debtors as required under ORS 697.270 [sic, ORS 697.271]."

Petitioner claims that this finding of fact is inadequate because it fails to set out underlying facts and fails to support the decision to revoke rather than suspend the licenses for violation of ORS 697.271.

When an agency is given broad powers to deal with the subject of its regulation, and must confront complex or amorphous issues, the findings of fact must contain basic facts supporting the ultimate facts found, rather than merely stating conclusions. *See, e.g., Reynolds School Dist. v. Martin,* 30 Or App 39, 566 P2d 196 (1977); *S. Cen. Assn of Neighbors v. Lindsey,* 21 Or App 578, 535 P2d 1381 (1975); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). Here, in contrast, the statutory scheme is very specific and the finding of failure to file forms before use is both of basic fact and of ultimate fact. Furthermore, as the agency has discretion in imposing a penalty, *see* ORS 697.261, we do not review its choice of penalties. *Mary's Fine Food, Inc. v. OLCC,* 30 Or App 435, 567 P2d 146, *rev den* 280 Or 683 (1977).

Petitioner next assigns as error the Division's failure to treat her like others similarly situated. She claims that she was unfairly treated as to failure to

file forms under ORS 697.271. The Division's examiner testified that he generally asked for forms at the end of a firm's biennial examination, but here did not because he was unable to complete the examination of petitioner's firm. This does not excuse petitioner's failure to file forms as required by statute. Petitioner attempted to determine the Division's motives in prosecuting her, but made no offer of proof when objections to that line of questioning were sustained. In the absence of any indication that the Division used a discriminatory method of determining whom to investigate for a potential license revocation, *cf., State v. Hicks,* 213 Or 619, 325 P2d 794 (1958), *cert den* 359 US 917 (1959) (challenge to habitual criminal statute enforcement on claim of denial of equal protection must allege discrimination against a defined class), any error made by the Deputy Commissioner in sustaining the objections has not been "shown to have substantially prejudiced the rights of a party." ORS 183.450(1).

■ Petitioner then argues that since the Division sought her 1976 annual report after the date it was due, it could not later revoke her license for lack of timely filing of the report. Evidence of how petitioner was treated, however, says nothing about how others are treated by the agency. Also, ORS 697.190 requires that annual reports covering a calendar year be filed with the Real Estate Commissioner no later than January 31 of the following year. ORS 697.210 provides:

> "If the annual statement is not filed as required under ORS 697.190, the failure to file it shall constitute grounds for the immediate suspension of the billing agency, factoring agency or collection agency license of the licensee so failing to file the statement and the division shall notify the licensee by registered or certified mail that the license of the licensee will be suspended upon the expiration of the period of 15 days after the date on which such notice was mailed unless the licensee complies with the provisions of ORS 697.190. However, for good cause

shown and upon satisfactory proof furnished by the licensee that the failure to file the statement was due to a condition not within the control, or was due to excusable neglect, of the licensee, the division may permit the filing of the statement after the time limited and excuse the failure to file the statement within the time limited. If the statement required by ORS 697.190 is not filed as required in this section or ORS 697.190 the division shall revoke the license."

ORS 697.190 provides time and content requirements for filing annual reports. The Division is not barred from deciding, after several unavailing attempts at obtaining an annual report, that the report is not forthcoming and that it will therefore seek revocation.

Finally, petitioner argues that the Deputy Commissioner erred in concluding that ORS 697.210 requires revocation of her licenses for failure to file an annual report. Since ORS 697.210 provides for revocation for mere failure to file on time, whether or not the Division seeks suspension, the Division need not consider suspension as a possible remedy. Because the provision regarding revocation prescribes a penalty rather than setting out a procedure, petitioner's argument that that provision should be regarded as directory rather than mandatory, *see generally Anaconda Company v. Dept. of Rev.,* 278 Or 723, 565 P2d 1084 (1977), is inapposite.

Affirmed.