**ENVIRONMENTAL ASSOCIATION OF ST. THOMAS-ST. JOHN AND THE LEAGUE OF WOMEN VOTERS, Appellants**

**v.**

**THE VIRGIN ISLANDS BOARD OF LAND USE APPEALS, THE ST. THOMAS COASTAL ZONE MANAGEMENT, AND THE COVE AT SMITH BAY, LIMITED PARTNERSHIP, Appellees**

Civil No. 479/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 1, 1994

KATHERINE HARSCH, ESQ., (BORNN, BORNN & HANDY ESQUIRES), St. Thomas, V.I., *for Appellants*

TRESTON MOORE, ESQ., (GRUNERT, STOUT BRUCH & MOORE), St. Thomas, V.I., *for The Cove at Smith Bay, Limited Partnership*

ELLIOTT DAVIS, ESQ., (Assistant Attorney General, Department of Justice), *for the Board of Land Use Appeals*

LEROY MERCER, ESQ., (Department of Planning and Natural Resources), *for the St. Thomas Coastal Zone Management*

SWAN, *Judge*

## MEMORANDUM OPINION AND ORDER
## FACTS

Before the Court is a Writ of Review filed by the Environmental Association of St. Thomas-St. John and the League of Women Voters, ("Appellants"). Essentially, Appellants are seeking to overturn the decision of the Virgin Islands Board of Land Use Appeals ("Board"), which approved a coastal zone management permit to the Cove At Smith Bay Limited Partnership ("Cove"), authorizing the Cove to build a hotel and associated buildings on Parcel No. 14 Estate Smith Bay on St. Thomas. The Cove seeks to construct a tourist-resort facility consisting of 244 hotel suites in a camp ground setting, two educational buildings, a restaurant, a convenience store and other related facilities. The Appellants also assert numerous deficiencies and shortcomings in the Coastal Zone Management Committee's decision to approve the construction permit for the Cove's project.

The Court finds that the record on this appeal is significantly voluminous. Nonetheless, the Court has read all of the transcripts of the various proceedings before both the Coastal Zone Management Committee ("Committee") and the Board.

Unlike a trial de novo before the Court, the Court's function is very limited in this appeal. Importantly, the records of the administrative hearings below are binding on the Court, and the court's review is limited to those factual determination, if the determination is based upon such relevant records. Moreover, the Board's findings will not be set aside because of the evidence as a reasonable mind might accept as adequate to support the Board's conclusions. Donastorg v. Government Employees Service Commission 6 V.I. 368, 285, F. Supp. 111 (D.C.V.I. 1968).

The Court's review, *inter alia*, is limited to determining whether there is substantial evidence in the record to support the Board's decision and the Board's findings. Additionally, the Court must determine whether there has been a violation of local or Federal laws.

Also, the Court notes that the Territorial lawmakers have consigned to the Board the determination of whether a coastal zone permit should be issued; therefore, much deference should be

11

afforded the Board's decision on whether to grant or deny an application for a coastal zone permit.

Before proceeding, however, there is a matter which the Court finds most noteworthy. Act No. 5662 (Bill No. 18-0358) was approved December 28, 1990. The Act authorizes the Government to acquire in the name of the Government of the Virgin Islands, the fee simple title to the real property described as Parcels Nos. 14 and 14A Estate Smith Bay, Nos. 1, 2 and 3 East End Quarter, St. Thomas, Virgin Islands, which consist of approximately 21.732 acres and 7,4751 acres respectively. These are the same properties that the Cove acquired presumably after the Government failed to purchase the property and which are the subject of this suit. The Committee approved the Cove's application for a building permit on April 9, 1992. Subsequently, Appellants perfected an appeal to the Board. The Board, in an April 22, 1993 decision, affirmed the Committee's decision to grant the Cove a permit. In its September 23, 1993 Statement of Grounds for Writ of Review, Appellants enumerated a plethora of errors purportedly committed by both the Board and the Committee.

## DISCUSSION

The Appellants assert that the Board has violated the Coastal Zone Management Statue in that the Cove's project for which a permit is being sought, is contrary to the Findings and goals of the Coastal Zone Management (CZM) Statute codified at 12 V.I.C. 903, *et seq.* The Board and the Cove, however, have taken a contrary position.

■ In reviewing the actions of the Committee and the Board, the Court must, in effect, apply two standards of review, "the first to be applied by the Board to the CZM Committee's decision, and the second to be applied by this Court to the Board's action." Conservation Society v. Board of Land Use Appeals, 21 V.I. 516 (D.V.I. 1985).

■ The standard of review applied by the Board to CZM committee actions authorizes the Board to review any decision or action of the Committee in which the findings, inference, conclusions or decisions are in any way:

12

"in violation of the United States Constitution, The Revised Organic Act of 1954, or any statutory provisions, or exceeds the statutory authority of the Board, or the commission, Committee; or was determined upon unlawful procedure; or is erroneous in view of the standard of evidence the whole record; or arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion." V.I.R. & Regs. tit. 12, Section 914-3

■ In reviewing decisions of the Board, this Court must "determine [ ] whether the Board correctly applied the appropriate standard." Conservation Society v. Board of Land Use Appeals, 21 V.I. 516, 520 (D.C.V.I. 1985). This Court must accordingly determine:

(1) Whether the agency acted within the limits of its statutory powers;

(2) Whether the agency applied the relevant law correctly;

(3) Whether the agency findings are supported by substantial evidence on the record; [and]

(4) Whether the agency has abused its discretion by acting in an arbitrary or capricious manner.

See Perry v. Government Employees Service Commission, 18 V.I. 524, 527 (D.V.I. 1981); Branch v. Bryan, 18 V.I. 54, 56 (D.V.I. 1980).

Thus, the substantial evidence standard is but one of four standards of review that this Court may apply. The choice of which standard to apply depends upon the nature of the claim of error.

The authority and procedures for the Committee to review applications to develop the Virgin Islands coastline rests in the Virgin Islands Coastal Zone Management Act of 1978 ("VICZMA"), 12 V.I.C. 901 *et seq.* and its implementing regulations at V.I.R. & Regs. Title 12, Section 901 *et seq.*

Before addressing the specifics of Appellant's contentions, the Court must address something of greater significance and concern to the Court. The Coastal Zone Management Laws mandate that "the Board shall set forth in writing and in detail the reasons for its decision and findings of fact upon which its decision is based." (see 12 V.I.C. 914(d)). Additionally, one of the things a reviewing Court must examine or review is the Board's findings of fact. The Board's

13

April 26, 1993 Decision purports to include the Board's findings of facts. For a project which generated such a massive and voluminous record of hearings and exhibits, the Board's findings which are elucidated in its decision are grossly inadequate, painfully deficient and borders on a dereliction of its statutory responsibility. The Board's findings are as follow:

"1) The Board has subject matter jurisdiction pursuant to 12 V.I.C. 914(a).

2) The proposed development is in compliance with the zoning code.

3) The application submitted by the developer and approved by CZM was adequate and complete."

First, no one can seriously raise an issue concerning the Board's jurisdiction. Its jurisdiction is a matter of statutory law.

Second, to assert that the proposed development is in compliance with the zoning code is to make a conclusion. What is at issue are the articulable facts and evidence the Board found to support and justify its alleged findings of fact.

Third, the Board found that the application submitted by the developer was adequate and complete. Again, this is a conclusion. What are the specific factual bases the Board found to exist by substantial evidence in the record from which the Board concluded that the application submitted by the developer was adequate and complete.

More succinctly, what are the factual bases from which this Court can conclude that there is substantial evidence to support the Board's finding when the Board does not reveal the factual findings? This Court needs to know the facts upon which the Board relied when it determined that the development is in compliance with the Zoning Code, as well as what facts the Board found to conclude that the Cove's application was adequate and complete.

Till 12 V.I.C. Section 914(d) of the Virgin Islands Code explicitly states that the Board must "set forth . . . in detail the reasons for its decision . . . ." (underline supplied) The Board has done a dismally in-sufficient task of fulfilling this statutory responsibility.

The Board has provided no rationale for its decision which must be based on its findings of fact. Therefore, it is virtually impossible

14

for the Court to determine the basis upon which the Board's decision was made or to determine whether the Board abused its discretion by acting in an arbitrary or capricious manner. see Branch *supra*.

■ Importantly, "effective judicial review of administrative decision is possible only where administrative decisions are based on substantial evidence and reasoned findings." The Baltimore And Ohio R. Co., et al. v. Aberdeen And Rockfish R. Co., et al; Interstate Commerce Commission vs. Aberdeen and Rockfish R. Co. et al. 393 U.S. 1124, 89 S. Ct. 280 (1968) See also Blackwood v. Immigration And Naturalization Service 803 F.2d 1165 (11th Cir. 1986).

■ One of the most significant aspects of any administrative agency's decision is the findings of facts. An administrative agency's findings of fact must be adequate for a reviewing court to understand the factual basis upon which the agency reached its conclusion. Aggie Investment GP v. Public Service Commission of North Dakota, 470 N.W.2d 805 (N.D. 1991). Likewise, the findings of fact and conclusions of law must adequately set forth the factual and legal basis for the decision. Brown vs. Rock Creek Min. Co. Inc., 996 F.2d 812 (6th Cir. 1993). The findings of fact should be sufficient in content to apprise the parties and the reviewing court of the factual basis for the action taken so that the parties and the reviewing tribunal may determine whether the decision has support in evidence and in law. Sclavenitis vs City of Cherry Hills Village Board of Adjustment and Appeal 751 P.2d 661 (Colo. App. 1988). See 2101 Wisconsin Associates v. District of Columbia Department of Employment Services, 586 A.2d 1221 (D.C. App. 1991). But such are not the circumstances with the Board's decision.

■ Additionally, the agency's findings must be sufficient to allow a reviewing court to track the steps by which the agency reached a decision. Kilauea Neighborhood Association v. Land Use Commission of State of Hawaii, 7 Haw. App. 227, 751 P.2d 1031 (Hawaii App. 1988). In a case similar to this one, a state court concluded that summary disposal containing three findings of fact and one conclusion of law was inadequate. Taxi Service Inc., v. Public Service Commission of West Virginia, 177 W. Va. 716, 356 S.E.2d 470 (W. Va. 1987). Furthermore, the findings of fact must

15

contain basic facts supporting the ultimate facts found, rather than merely stating conclusions. Suwol V. Department of Commerce, Real Estate Division, 597 P.2d 1274, 41 Or. App. 237 (1979). Similarly, conclusory statements will not suffice nor will it satisfy a commission's statutory obligation to make specific findings of fact. Jones V. Tyson Foods, Inc., 759 S.W.2d 578, 26 Ark. App. 51 (1988). Reasonable minds cannot follow the Board's decision as to what evidence it considered in arriving at its decision.

Having reviewed the entire record, this Court can draw its own findings and conclusions from the record on appeal. But, to do so is not this Court's role, and it will violate the laws of this Territory for the Court to undertake such a task. It is the Board's duty to find the facts and to reduce them to writing.

Even if during the course of the public hearings the Board made sporadic findings of fact from such hearings, such a procedure is insufficient and not in compliance with the Board's statutory mandate. Furthermore, the Court has reviewed the entire transcript of the Board's January 11, 1993 Executive Session. There is nothing in the transcript from which the Court can find that the Board made legally acceptable findings of fact.

Even if the Board did not incorporate its findings of fact and detailed reasons for its decision in its written decision, but had done so elsewhere in the record, this Court may have had something to review. However, no where in the entire record submitted to the Court are there enumerated detailed reasons or findings of fact to support the Board's decision.

In reviewing the record transmitted to the Court, certain things came to the Court's attention which the Court contends are worthy of comments.

In its decision, the Board suggests that pursuant to 12 V.I.C. 914(d), the Board may "either affirm or deny the action taken by the CZM." But, Section 914(c) charges the Board to do more. Section 914 mandates the Board to hold public hearings, in order to obtain additional evidence and information for its decision, and to thereafter "set forth in writing and in detail the reasons for its decision."

The Board's decision merely reiterates the respective positions of the litigants. Additionally, from other information the Board made

16

what purports to be *pro forma* findings of fact in a perfunctory attempt to comply with its statutory responsibilities. The paucity of the findings of fact when measured against the Board's statutory duties and responsibilities is embarrassing. The Board is simply charged with doing much more than what it has done.

Additionally, the Board merely affirmed the CZM's decision "in view of the reliable, probative and substantial evidence on the whole record." Therefore, the question is "what is the reliable probative evidence" the Board found in affirming the CZM's decision? It is the Court's understanding that CZM approved the project and incorporated in its decision the April 9, 1992 Staff Recommendation for The Cove. The recommendations are elucidated in a memorandum from Gabriel St. Surin, Director of Permits to the St. Thomas CZM Committee. The Court notes that the recommendations had "conditions of approval" attached to its recommendations some of which are as follows:

1. Permittee shall coordinate with the Department of Education to develop a floor plan for the Educational Buildings. Detailed plans for the Educational Buildings must be submitted to the Division of Permits for review and approval after concurrence with the Department of Education.

2. The Staging Area necessary for the construction of the development must be identified on the construction site plan.

3. Permittee shall submit to the Division of Permits for approval a detailed Erosion and Sedimentation Control Plan before applying for building permits for the development.

4. Pile driving and earth change activities shall be limited to daylight hours only.

5. Permittee must submit a detailed lighting plan to the Division of Permits for approval before applying for building permits for the development.

6. Permittee must develop a Memorandum of Agreement (MOA) with the Division of Fish and Wildlife of DPNR and the U.S. Fish and Wildlife service pertaining to the management of the Wildlife Sanctuary. Copy of the MOA must be submitted to the Division of Permits before construction activities begin.

17

7. All hotel buildings and parking area must be sited on the western part of the property. The revised site plan must be submitted to the Division of Permits for approval before building permit is issued.

8. The total number of hotel suites must not exceed 150 to the buildings.

9. Soil analysis/perculation of water.

10. Easement and access guaranteed to public parking also guaranteed.

■ In massive construction, such as the one proposed by the Cove, an Erosion and Sedimentation Control Plan must be submitted before the project can be approved. How can CZM measure the impact of the project on the environmental without an erosion and sedimentation plan? (see 12 V.I.C. 903 (b)(2)(9)). How can the Board or CZM make a determination that the goals of the Coastal Zone Management law are in compliance with the project without such a plan being submitted by CZM prior to its approval of the project?

Admittedly, the Coastal Zone Management statute does allow for a permit to be issued subject to reasonable terms and conditions imposed by CZM. (See 12 V.I.C. 910(a)(3). However, an Environmental and Sedimentation Control Plan is not a reasonable condition but appears to be mandated by the goals and policies of the CZM statute and must be an integral part of the Cove's application.

Appellants assert that the CZM acted arbitrarily and capriciously when it approved the Cove's application, because the CZM failed to consider the statutory provision found in 12 V.I.C. 910(a)(2)(B) which states:

"(2) A permit shall be granted for a development if the appropriate committee . . . finds (b) the development as finally proposed incorporates to the maximum extent feasible mitigation measures to substantially lessen or eliminate any and all adverse environmental impacts of the development; otherwise the permit application shall be denied."

It is noteworthy that Section 910(a)(2)(B) *supra* states that the directional and mandatory words "shall be denied."

18

This Court has reviewed the CZM staffs recommendation and the CZM's decision. With the exception of a fleeting reference to section 910 in the staff recommendation, this Court is unable to find where the CZM committee considered the mandate of section 910 *supra*. Therefore, the Court concludes that Appellants are correct. CZM did not consider the provisions of section 910, which it has a statutory duty to do. There is nothing in the record received by the Court to indicate the Committee addressed this issue. (see the April 9, 1992 staff recommendations to the Committee and the transcript of the April 9, 1992 Executive Committee Meeting)

Accordingly, the Court finds that the CZM acted arbitrarily and capriciously in approving the permit application by not addressing section 910(a)(2)(b) *supra*.

Appellants further assert that both the CZM and the Board erred in approving the Cove's application, because the application violated 12 V.I.C. 902(o), 910(e)(2) and 12 V.I.R.&R. 910-3(d)(5). Section 902(o) *supra* mandates the preparation of an Environmental Assessment Report (EAR). The Court did receive as part of the CZM record a copy of a September, 1990 EAR for the Cove. Thus, Appellants' contention on this issue is without merit.

Appellants took issue with Section 910(e)(2) of title 12 of the Virgin Islands Code which mandates what shall be required by CZM's rules and regulations for inclusion in an application for a permit. The Court has reviewed CZM's rules and regulations. The Court finds substantial compliance with 910-3(d)(5). Since Appellants have not enumerated what specifically is their contention pursuant to section 910-3(d)(5), the Court is unable to evaluate the record beyond what it has already found.

Appellants urge this Court to find that the CZM's decision has violated 12 V.I.C. 910(a)(2)(A) which states:

> "A permit shall be granted for a development if the appropriate committee . . . find (a) the development is consistent with the basic goals, policies and standards provided in sections 903 and 906 of this chapter."

The Court finds that there is no evidence on the record before this Court to indicate that CZM ever discussed this issue. CZM, on motion by one of its members, adopted its staff's recommenda-

tions at its executive meeting at which the Cove's application was considered. However, there is nothing in the record of the same meeting to reflect that the Staff's Findings/Analyses were adopted. Accordingly, this Court concludes that the Department's Findings/Analyses were not adopted by CZM.

This Court is also disturbed by the Board's conclusion of law in its decision. The first sentence in the second paragraph states:

> "Based on the Board's findings and the evidence presented, the Board concludes that the Developers satisfactorily met its burden of proof to demonstrates compliance with the basic goals, policies and standards of Title 12 Virgin Islands Code, section 910."

That sentence prompts one to ask what findings of fact are the Board's frame of reference, and what evidence was elicited from which the Board makes such a decision?

The Board goes on to assert that the "Board further concludes that CZM's decision to grant the permit application of the Cove at Smith Bay, Limited Partnership, was neither erroneous, arbitrary nor capricious, . . . ." The evidence the Board relied upon to draw such a conclusion escapes the Court, because the Board never indicated the evidence it considered to substantiate its conclusion.

## CONCLUSION

The Coastal Zone Statute was enacted for the protection of the environment and to protect the rights of the people of the Virgin Islands. The statute attempts to strike a balance between the rights of property owners and their rights to develop private property but not to the detriment of the environment and the rights of the people of this Territory. Therefore, the CZM's of all three islands and the Board have a heavy mantel of responsibility to shoulder. Nonetheless, this mantel of responsibility must be discharged consistent with law.

The Court holds that the Board dismally failed to make findings of facts which the Coastal Zone statute mandates that it must do. Additionally, the Court holds that without adequate and informative findings of fact, the Board's decision to approve the Cove's permit is arbitrary and capricious.

20

The Court also holds that inorder for the Board's findings of fact to be adequate for appellate review, the Board must also state a sufficient factual basis to support its findings. The Court further holds that the Board's finding, that the proposed development is in compliance with the zoning code, without enumerating a reason and a factual basis for such a conclusion, is inadequate and insufficient to allow for an appellate review of the Board's findings of fact.

## ORDER

Accordingly, it is hereby

ORDERED that this case is remanded to the Board of Land Use Appeal for the Board to (1) make adequate findings of fact and conclusions of law, (2) to review its decision to make certain it is in compliance with Territorial Laws, and (3) to review the decision of the Coastal Zone Committee to make certain that CZM's decision in this matter is in compliance with law.